UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| PETESKI PRODUCTIONS, INC., | § § § | |
| | § | Civil Action No. 5:17-cv-122 |
| Plaintiff, | § § | |
| v. | § § | JURY DEMANDED |
| LEAH ROTHMAN and JOHN or JANE DOE, | § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Peteski Productions, Inc. ("Peteski" or "Plaintiff") is the owner of the copyright for the Dr. Phil Show ("DPS") and brings this Original Complaint against Leah Rothman and John or Jane Doe as follows:

### PARTIES

1. Peteski is a Texas corporation with its business address in the Eastern District of Texas, Texarkana Division.

2. Leah Rothman ("Rothman") is a California citizen.

3. The specific identity of Defendant John or Jane Doe ("Doe") is currently unknown to Plaintiff. On information and belief, Doe assisted in the copyright infringement perpetrated by Rothman.

### JURISDICTION AND VENUE

4. This Court is vested with subject matter jurisdiction pursuant to the Copyright Act, 17 U.S.C. § 101 et seq., and 28 U.S.C. §§ 1331 and 1338(a).

Plaintiff's Original Complaint – Page 1

5. Rothman and Doe are subject to this Court's specific personal jurisdiction under due process and the Texas Long Arm Statute. Defendants have minimum contacts within the State of Texas and the Eastern District of Texas; and Defendant's contacts with the State of Texas arise from, or are directly related to, Plaintiff's cause of action for copyright infringement. Specifically, as set forth below, Rothman has substantial contacts with Texas relating to the subject matter of this action. She engaged in the following activities in Texas: researching communities, interviewing citizens, conducting research in preparation for producing several episodes of the DPS and through such experience, and others, gained the knowledge and the ability to access the various databases of videos from which Defendants accessed, viewed and infringed Plaintiff's work; and Defendants, while accessing viewing and infringing Plaintiff's copyrights, did so with the knowledge that Plaintiff is a Texas company and holds the intangible property rights made the subject of this action here in Texas. At the time of the infringement, Defendants knew that their infringing acts had a direct impact on Plaintiff's rights in Texas. Thus, Defendants have purposefully directed their activities at a resident of this forum, and the litigation results from alleged injuries that arise out of or relate to those activities.

6. Venue is proper in this District Court under 28 U.S.C. § 1391(b). This district is a judicial district in which a substantial part of the property that is the subject of the action is situated; and is one in which Defendants are subject to the Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

7. Plaintiff Peteski incorporates and realleges herein by reference paragraphs 1 through 6, inclusive, as though set forth in full herein.

8. Peteski is the owner of the copyrights in the DPS, hosted by Dr. Phil McGraw

("McGraw").

9. The DPS is the No. 1 rated daytime television broadcast.  The DPS is in syndication throughout the United States, including in this district.

10. Rothman worked on the DPS, off and on, from approximately December 2003 until April 2015.

11. Doe is believed to have worked or is still working on the DPS.

12. Rothman produced/directed for at least 15 episodes of the DPS that involved storylines shot on location in 13 different cities in Texas: Kerrville, Sachse, Richardson, Wylie, San Antonio, Wichita Falls, Dallas, Denton, Houston, Amarillo, Richmond, Richland Hills, and Elgin, Texas.

13. During her tenure, Rothman moved to Texas for some time to produce a series of episodes for the DPS about the town of Elgin, Texas.

14. Rothman was part of the production team for the DPS that opened an office in a downtown building in Elgin, Texas and that signed a nine-month lease.

15. In all, Rothman was involved in producing four episodes about Elgin, Texas for the DPS.

16. Rothman learned from her experience in Elgin, Texas, and others, how the DPS was created, how the shows are filmed, the creative forces that are brought to bear in shooting scenes and other video events, and how and where videos related to the DPS – including the video at the core of this copyright infringement action – are managed, categorized, stored, and accessed.

17. Peteski is the author and creator of Video 1, a 9 second video clip of McGraw that was filmed in 2014 (the "Video").

18. The Video footage was taken onboard a private plane. In the Video, McGraw is speaking with a production team of the <u>DPS</u>, and is preparing to do a take for an episode of the <u>DPS</u>. McGraw is the only person visible on the Video.

19. The Video is a work containing material wholly original with Peteski and is copyrightable subject matter under the Copyright Act.

20. The Video is a work made for hire authored by Peteski.

21. For the purposes of the Copyright Act, Peteski is a citizen of, and is domiciled in, the United States.

22. Peteski is the registered owner of United States copyright Reg. No. Pau003829623 at the United States Copyright Office for the Video. Peteski attaches hereto, as Exhibit "A," a true and correct copy of the copyright registration certificate (the "Copyright Registration Certificate").

23. As the owner of the copyright in the Video, Peteski has the exclusive rights, among others, to reproduce the Video in copies; to prepare derivative works based upon the Video; to distribute copies of the Video to the public by sale or other transfer of ownership, or by rental, lease, or lending; and to display the Video publicly.

24. In 2015, without authorization, Rothman, along with Doe, accessed, for their personal use, a database that contains various video files relating to the <u>DPS</u>. Specifically, Defendants, without authorization, accessed and viewed video footage including the Video.

25. Rothman was able to access and view the video footage including the Video because of her experience in Elgin, Texas, and others.

26. Without Peteski's knowledge, Rothman, with assistance from Doe, created a video record of the Video using her iPhone.

27. The unauthorized iPhone recording made by Rothman and Doe is a direct copy of the Video.

28. At the time Defendants made the iPhone recording, Defendants were fully aware of Peteski's ownership in and to the Video and of Peteski's copyright interests therein.

29. Subsequently, Rothman made at least one copy of the infringing video and stored it on her personal computer.

30. By their acts in making the unauthorized iPhone recording of the Video and the copy of that record which was stored on a computer, Defendants' conduct was willful and in bad faith.

31. Defendants' procurement of the Video and Defendants' infringing activities were malicious. The Video that Defendants infringed was a year old at the time of the infringements. Based on the infringing conduct, the Video was targeted for theft, as Defendants copied and recorded only 9 seconds out of 1000s of hours of the DPS video footage stored in the DPS database. Defendants' motive in infringing Peteski's copyrights was to smear Plaintiff and extort money from Plaintiff. Defendants' actions were in no way relevant to their jobs or assignment.

**FIRST CLAIM FOR RELIEF**
**(FOR COPYRIGHT INFRINGEMENT)**

32. Plaintiff Peteski incorporates and realleges herein by reference paragraphs 1 through 31, inclusive, as though set forth in full herein.

33. Peteski is the sole and exclusive owner of the copyrights in the Video.

34. Peteski is the sole and exclusive owner of the Copyright Registration Certificate.

35. In 2015, without authorization, Rothman, with Doe's assistance, accessed and viewed, for her personal use, a database containing the video footage including the Video.

36. Defendants, without authorization, made a direct copy of the Video and thereby

infringed Peteski's copyright in the Video.

37. Rothman, without authorization, also created a copy of the recording, which she stored on her computer, and thereby infringed Peteski's copyright in the Video.

38. Defendants' infringements were willful and in bad faith.

39. Defendants were fully aware that their actions were wrong and unauthorized as evidence by the fact that Defendants blatantly attempted to conceal their involvement procuring the purloined recording of the Video.

40. Defendants' wanton disregard of Peteski's rights is part of a pattern of conduct perpetrated by Defendants.

41. Defendants' knowing and intentional copyright infringement as alleged herein has caused, and will continue to cause, substantial and irreparable harm to Plaintiff, and has caused, and will continue to cause, damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief, damages, Defendants' profits, increased damages, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

1. Defendants be ordered to pay to Peteski actual damages, plus the amount of Defendants' profits attributable to the infringement, 17 U.S.C. § 504(b), or in the alternative, to pay Peteski statutory damages pursuant to 17 U.S.C. § 504(c);

2. Defendants deliver to be impounded during this suit all copies of the Video in their possession or control pursuant to 17 U.S.C. § 503;

3. Defendants pay Peteski, as the prevailing party, reasonable attorneys' fees, costs, and expenses pursuant to 17 U.S.C. § 505;

4. Defendant Rothman be ordered to divulge the identities of all persons who

participated in her infringing activities made the subject of this action, including without limitation, the identity of John or Jane Doe;

5. Pre-judgment interest at the legally allowable rate on all amounts owed;

6. For preliminary and permanent injunctions by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful conduct that infringes Plaintiff's copyright in the Video;

7. Preliminary and permanent injunctive relief against Defendants and those persons or companies in active concert or participation with Defendants, including their officers, agents, servants, employees, attorneys, and representatives from reproducing, making derivative works of, distributing, or displaying the Video; and

8. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action on all issues triable by jury.

Respectfully submitted,

/s/ Charles L. Babcock
Charles L. "Chip" Babcock, Lead Attorney
Texas State Bar No. 01479500
Nancy W. Hamilton
Texas State Bar No. 11587925
Carl C. Butzer
Texas State Bar No. 03545900
JACKSON WALKER L.L.P.
2323 Ross Ave.
Dallas, Texas  75201
(214) 953-6000
(214) 953-5822 - Fax
Email: cbabcock@jw.com

David Folsom
Texas State Bar No. 07210800
JACKSON WALKER L.L.P.
6002 Summerfield, Suite B
Texarkana, TX  75503
(903) 255-3250
(214) 661-6886 – Facsimile
Email: dfolsom@jw.com

George L. McWilliams
Texas State Bar No. 13877000
Law Office of George L. McWilliams, P.C.
Post Office Box 58
Texarkana, Texas-Arkansas 75504
(870) 772-2055 – Telephone
(870) 772-0513 – Facsimile
glmlawoffice@gmail.com

ATTORNEYS FOR PLAINTIFF
PETESKI PRODUCTIONS, INC.