1

**MATERN LAW GROUP, PC**
Dalia Khalili, Esq. (SBN 253840)

2
dkhalili@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200

3
Manhattan Beach, CA 90266
Tel: (310) 531-1900

4
Facsimile: (310) 531-1901

5
Attorneys for Defendant
Leah Rothman

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | |
|---|---|
| PETESKI PRODUCTIONS, INC. | CASE NO. 5:17-cv-122-JRG |
| Plaintiff, | [Assigned for all purposes to the Honorable Rodney Gilstrap] |
| v. | |
| LEAH ROTHMAN and JOHN or JANE DOE, | **DEFENDANT LEAH ROTHMAN'S MOTION FOR ORDER DISMISSING ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT (FED.R.CIV.P. 56)** |
| Defendants. | *ORAL HEARING REQUESTED* |
| | Date:        TBD<br>Time:        TBD<br>Dept.:        TBD |
| | Complaint Filed:    June 15, 2017<br>Trial Date:          None Set |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date, at a time and in a courtroom to be determined in the United States District Court for the Eastern District of Texas, Texarkana Division located at 500 North State Line Avenue, Texarkana, Texas, Defendant Leah Rothman will move the Court for an Order dismissing this action with prejudice.

This motion is made pursuant to Fed.R.Civ. Pro. 12(b)(2), (3) and (6) and is based on the following grounds:

1.   Plaintiff's Complaint is barred by the fair use defense.

2.   This Court cannot exercise personal jurisdiction over Defendant Leah Rothman because she has insufficient minimum contacts with Texas.

3.   This Court is not the proper venue for this action since Defendant Leah Rothman does not reside in Texas and the Court lacks personal jurisdiction over Defendant Leah Rothman.

Alternatively, Defendant Leah Rothman moves for summary judgment, pursuant to Fed.R.Civ.P. 56 on the ground that the Complaint is barred by the fair use defense.

The motion will be based upon this notice, the accompanying Memorandum of Points and Authorities and Declarations of Leah Rothman and Dalia Khalili, and exhibits attached thereto, served and filed herewith, the court's files in this matter and on such oral and documentary evidence that may be presented at the hearing of the motion.

Respectfully Submitted,

DATED:  July 5, 2017                    MATERN LAW GROUP, PC


                                  BY:
                                        /s/ Dalia Khalili
                                        Dalia Khalili, Esq., Lead Attorney
                                        Attorneys for Defendant
                                        Leah Rothman

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-1-
DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES..............................................1

I.  INTRODUCTION..................................................................................1

II.  FACTUAL BACKGROUND ................................................................2

III.  STATEMENT OF ISSUES....................................................................4

IV.  DISMISSAL OF THIS ACTION IS MANDATED UNDER THE  "FAIR USE" DEFENSE .................................................................................4

     A.  The Fair Use Defense Applies To Copyrighted....................................8

        Matter Used In Connection With Litigation ........................................8

     B.  Rothman's Purpose In Making The Recording Was Not Commercial 13

     C.  The Nature Of The Recording Was Factual .........................................15

     D.  The Video Clip Is Only A Portion Of The Entire Video ......................16

     E.  Rothman's Recording Of The Video Had *No Effect* On The Potential Market For, Or On The Value Of, The Clip .........................................16

V.  THIS COURT HAS THE POWER TO CONVERT THIS MOTION INTO A SUMMARY JUDGMENT MOTION.............................................................17

VI.  DISMISSAL OF THIS ACTION IS ALSO MANDATED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER ROTHMAN ..........20

VII.  EVEN IF MINIMUM CONTACTS EXIST, FORCING ROTHMAN TO DEFEND HERSELF 1600 MILES FROM HER HOME OFFENDS TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE..............................................................................................24

VIII.  DISMISSAL IS WARRANTED BECAUSE THIS COURT IS THE WRONG VENUE................................................................................................25

     A.  Plaintiff Alleged The Wrong Venue Statute.........................................26

     B.  Plaintiff Cannot Satisfy The First Prong Of The Venue Statute ..........27

     C.  Plaintiff Cannot Satisfy The Second Prong Of The Venue Statute......27

IX.  CONCLUSION ......................................................................................29

1

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

2

3
*J & J Productions, Inc. v. Garcia, N*o. CIV.A. H-13-3322,
  2014 WL 2739302 (S.D. Tex. June 17, 2014)......................................................5

4
*A .V. ex rel. Vanderhye v. iParadigms,* LLC,
5   562 F.3d 630 (4th Cir.2009) ...............................................................................8

6
*Allman v. Jones*,
   No. 4:14-CV-142-BJ, 2014 WL 11515858 (N.D. Tex. Sept. 24, 2014) .........26, 27

7
*Alpine View Co. Ltd. V. Altas Copco AB,*
8   205 F.3d 208 (5th Cir. 2000) ..............................................................................20

9
*Am. Inst. of Physics v. Schwegman, Lundberg & Woessner, P.A.,*
   No. CIV. 12-528 RHK/JJK, 2013 WL 4666330 (D. Minn. Aug. 30, 2013) ...........5

10
*Am. Inst. of Physics v. Winstead PC*, No. 3:12-CV-1230-M,
11   2013 WL 6242843 (N.D. Tex. Dec. 3, 2013) .......................................8, 15, 16, 18

12
*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)........................................19

13
*Asarco, Inc. v. Glenara, Ltd.,*
14   912 F.2d 784 (5th Cir.1990) ...............................................................................20

15
*Berry v. Dillon*,
   291 F. Appx. 792 (9th Cir. 2008)........................................................................13

16
*Braspetro Oil Servs. Co. v. Modec (USA), Inc.,*
17   240 Fed.Appx. 612 (5th Cir.2007).......................................................................25

18
*Bridgmon v. Array Systems Corp.,*
   325 F.3d 572 (5th Cir. 2003) ................................................................................2

19
*Broadcast Music Inc. v. Seaside Inn of Pasco,*
20   No. 8:13-CR-1299-T24AEP, 2013 WL 12156523 (M.D. Florida 2013)................2

21
*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985)............................................................................................21

22
*Caldwell v. Palmetto State Savs. Bank of S.C.,*
23   811 F.2d 916 (5th Cir.1987) ..........................................................................26, 28

24
*Campbell v. Acuff–Rose Music, Inc.,*
   510 U.S. 569 (1994).....................................................................................passim

25
*Caner v. Smathers,*
26   No. 4:13-CV-494-Y, 2014 WL 12580461 (N.D. Tex. Apr. 17, 2014)...........passim

27
*Cent. Freight Lines Inc. v. APA Transport Corp.,*
   322 F.3d 376 (5th Cir. 2003) ..............................................................................20

28

-ii-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

*Chang v. Virgin Mobile USA, LLC,*
    No. CIV.A.3:07-CV-1767-D, 2009 WL 111570 (N.D. Tex. Jan. 16, 2009)...23, 24

*Diebold Election Systems, Inc. v Al Technology, Inc.,*
    562 F.Supp.2d 866 (E.D. Texas 2008) ............................................................20, 21

*Dorsey v. Portfolio Equities, Inc.,*
    540 F.3d 333 (5th Cir. 2008) ...............................................................................17

*DSC Commc'ns Corp. v. DGI Techs., Inc.,*
    898 F. Supp. 1183 (N.D. Tex. 1995) ...............................................................7, 16

*DSC Communications Corp. v. DGI Techs., Inc.,*
    81 F.3d 597 (5th Cir.1996) .....................................................................................5

*Electrostim Med. Servs., Inc. v. Blue Cross Blue Shield of La.,*
    No. 13-5071, 2013 WL 5819704 (E.D. La. Oct. 28, 2013).....................................26

*Emelike v. L–3 Communications Corp.,* No. 3:12–CV–2470–M,
    2013 WL 1890289 (N.D.Tex. May 7, 2013) .........................................................25

*Fields v. City of S. Houston,*
    922 F.2d 1183 (5th Cir.1991) ...............................................................................19

*Fontenot v. Upjohn Co.,*
    780 F.2d 1190 (5th Cir.1986) ...............................................................................19

*Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte,*
    536 F.3d 439 (5th Cir.2008) .................................................................................25

*GTE New Media Services Inc. v. BellSouth Corp.,*
    199 F.3d 1343 (D.C. Cir. 2000) ...........................................................................22

*Hanson v. Denckla,*
    357 U.S. 235 (1958)..............................................................................................21

*Harper & Row,*
    471 U.S. 539 (1985).........................................................................................5, 13

*Havel v. Honda Motor Europe Ltd.,*
    No. H–13–1291, 2014 WL 4967229 (S.D.Tex. Sept.30, 2014) ............................23

*Healix Infusion Therapy, Inc. v. HHI Infusion Servs.,*
    No. CIV.A.H-09-3440, 2010 WL 2277389, fn. 2 (S.D. Tex. June 3, 2010).........22

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408 (1984)..............................................................................................21

*Hustler Magazine, Inc. v. Moral Majority Inc.,*
    796 F.2d 1148 (9th Cir.1986) ...............................................................................12

*Images Audio Visual Productions v. Perini Bldg. Co.,*
    91 F.Supp.2d 1075 (E.D.Mich.2000)...............................................................16, 17

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

*Isbell v. DM Records, Inc.*, 3:02-CV-1408-G,
   2004 WL 1243153 (N.D. Tex. June 4, 2004) ........................................................27

*Isquith ex rel. Isquith v. Middle S. Utils., Inc.*,
   847 F.2d 186 (5th Cir. 1988) ...............................................................................18

*Jartech v. Clancy*,
   666 F.2d 403 (9th Cir.1982) ...................................................................10, 11, 12

*Kelly v. Arriba Soft Corp.*,
   336 F.3d 811 (9th Cir. 2003) .................................................................................7

*Langton v. Cbeyond Commc'n, L.L.C.*,
   282 F. Supp. 2d 504 (E.D. Tex. 2003) ..................................................................25

*Latshaw v. Johnston*,
   157 F.3d 208 (5th Cir. 1999) ................................................................................24

*Levingston v. Earle*,
   No. CV-12-08165-PCT-JAT, 2014 WL 1246369 (D. Ariz. Mar. 26, 2014) ...14, 15

*Lujan v. Nat'l Wildlife Fed'n*,
   497 U.S. 817 (1990) ..............................................................................................19

*Lynch Props., Inc. v. Potomac Insur. Co.*,
   140 F.3d 622 (5th Cir.1998) .................................................................................19

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) .........................................19

*Monroe v. Janes*,
   No. 906-CV-0859 FJS/DEP, 2008 WL 508905 (N.D.N.Y. Feb. 21, 2008) .........13

*Murphy v. Schneider Nat'l, Inc.*,
   362 F.3d 1133 (9th Cir.2004]) ..............................................................................25

*Namer v. Martino*,
   No. CV 15-3417, 2016 WL 196175 (E.D. La. Jan. 15, 2016) ..............................28

*Nuttall v. Juarez*,
   984 F.Supp.2d 637 (N.D. Tex. 2013) ..............................................................25, 26

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
   253 F.3d 865 (5th Cir.2001) .................................................................................20

*Papasan v. Allain*,
   478 U.S. 265 (1986) ..............................................................................................15

*Paz v. Brush Engineered Materials, Inc.*,
   445 F.3d 809 (5th Cir.2006) .............................................................................20, 24

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir.2007) ..............................................................................8, 9

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

*Quintanilla v. Texas Television Inc.*,
  139 F.3d 494 (5th Cir.1998) .................................................................5

*Ray v. Experian*,
  No. 3:07-CV-1114-R, 2007 WL 4245459 (N.D.Tex. Nov.30, 2007) ...................22

*Religious Technology Center v. Wollersheim*,
  971 F.2d 364 (9th Cir.1992) .............................................................10, 11

*Reyes v. Wyeth Pharmaceuticals, Inc.*,
  603 F.Supp.2d 289 (D. Puerto Rico 2009) ...........................................18

*Scanlan v. Tex. A&M Univ.*,
  343 F.3d 533 (5th Cir. 2003) ............................................................17

*Sefton v. Jew*,
  201 F.Supp.2d 730 (W.D. Tex. 2001) ...................................................22

*Shell v. Devries,*
  No. CIV. 06-CV-00318-REB, 2007 WL 324592 (D. Colo. Jan. 31, 2007) 7, 10, 11

*Sony Corp. of America v. Universal City Studios, Inc.*,
  464 U.S. 417 (1984) ........................................................................12

*Straus v. DVC Worldwide, Inc.*,
  484 F. Supp. 2d 620 (S.D. Tex. 2007) ...................................................7

*Sullivan v. Leor Energy, LLC*,
  600 F.3d 542 (5th Cir. 2010) .............................................................17

*Suntrust Bank v. Houghton Mifflin Co.*,
  268 F.3d 1257 (11th Cir. 2001) ............................................................9

*Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*,
  553 F. Supp. 2d 680 (N.D. Tex. 2008) ..............................................6, 15

*Tayama v. Riom Corp.*,
  No. 2:11-CV-167-J, 2012 WL 556007 (N.D. Tex. Feb. 21, 2012) ...............27

*The Leader's Inst., LLC v. Jackson*,
  No. 3:14-CV-3572-B, 2015 WL 4508424 (N.D. Tex. July 24, 2015) .............23

*Time, Inc. v. Manning*,
  366 F.2d 690 (5th Cir.1966) ..............................................................26

*Tinsley v. Comm'r of l.R.S.*,
  No. 3:96-CV-1769-D, 1998 WL 59481 (N.D. Tex. Feb. 9, 1998)....................26

*Travel Jungle v. Am. Airlines, Inc.*,
  212 S.W.3d 841 (Tex.App.2006, no pet.)..............................................23

*Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*,
  342 F.3d 191 (3d Cir. 2003)..................................................................6

///

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

**Statutes**

17 U.S.C. § 107.................................................................................................5, 13

17 U.S.C. § 107(3)................................................................................................16

17 U.S.C. § 107(4)................................................................................................16

17 U.S.C. § 505......................................................................................................2

28 U.S.C. § 1400(a) .......................................................................................26, 27

28 U.S.C.  § 1406(a).............................................................................................26

28 U.S.C. § 1391(a)..............................................................................................27

28 U.S.C. § 1391(b).......................................................................................26, 27

California Code of Civil Procedure § 2031.210....................................................14

California Code of Civil Procedure § 2031.010....................................................14

California Code of Civil Procedure § 2031.220....................................................14

**Rules**

Federal Rule of Civil Procedure, Rule 12(b)(2), (3) and (6).....................................1

Federal Rule of Civil Procedure, Rule 12(b)(6) ...........................................1, 4, 18

Federal Rule of Civil Procedure, Rule 56...............................................................1

Federal Rule of Civil Procedure, Rule 56(c)..........................................................19

Federal Rule of Civil Procedure, Rule 12(d).........................................................18

Federal Rule of Civil Procedure, Rule 12(b)(6) or 12(c) .......................................18

**Other Authorities**

H.R.Rep. No. 94–1476, p. 65 (1976)........................................................................7

S.Rep.No. 94–473, pp. 61–62 (1975).......................................................................7

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

In this trumped up copyright infringement action against Los Angeles, California resident, Defendant Leah Rothman ("Leah Rothman", "Rothman" or "Defendant"), Plaintiff Peteski Productions, Inc. ("Peteski" or "Plaintiff") claims that Rothman infringed on its copyright of a 9-second video clip of Peteski's founder, Dr. Phil McGraw ("Dr. McGraw").

Plaintiff's Complaint is barred under Fed.R.Civ.P. 12(b)(6) by the fair use defense because Rothman's use of the video clip was solely for the purpose of obtaining evidence in her California state court employment-related action against Peteski, Dr. McGraw and CBS Studios, Inc. If the court does not consider the extrinsic evidence supporting this defense under Fed.R.Civ.P. 12(b)(6), it has discretion to convert the motion into one for summary judgment.

Even if the fair use doctrine does not bar this case, this Court lacks personal jurisdiction over Rothman. Plaintiff's flimsy allegation that Rothman learned, in Texas, how to access a database from which she allegedly recorded the video clip, even if true, falls far short of the prima facie showing required to establish specific jurisdiction over Rothman. Conspicuously absent from the Complaint is any allegation that Rothman recorded the video clip or accessed the database in Texas. In fact, neither is true. Without such evidence, there is no showing that Rothman purposely directed her activities at the forum state.

Even if the court finds that sufficient minimum contacts exist between Rothman and this forum, it would contravene traditional notions of fair play and substantial justice to force Rothman to defend herself in a Texas court, especially since Peteski, helmed by the top earning talk show host in the country, is headquartered in Los Angeles, California.

Lastly, the Complaint, which alleges the wrong venue statute, should be dismissed for improper venue because Rothman does not reside in Texas and may not be found in this forum, i.e., the Court has no personal jurisdiction over her.

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-1-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

1  For one or more of these reasons, Rothman requests that the court dismiss this

2  action with prejudice.[1]

## II.   FACTUAL BACKGROUND

4  For most of the time from 2003 to April of 2015, Leah Rothman worked as a

5  Segment Director for the Dr. Phil television show ("the Dr. Phil Show"). DSS 1.[2] In

6  April 2015, Rothman retained Matern Law Group, PC to represent her in connection

7  with her claims arising out of her work on the Dr. Phil Show. DSS 2. After retaining

8  Matern Law Group, PC, and while she was still working on the Dr. Phil Show,

9  Rothman recorded, on her cell phone, a video clip of Dr. Phil McGraw ("Dr.

10  McGraw"). DSS 3. The recording Rothman made is approximately nine (9) seconds

11  long and is an excerpt from a longer video. DSS 4. Rothman recorded the video clip

12  from a monitor in an editor's bay at the Dr. Phil Show's production office at

13  Paramount Studios in Los Angeles, California.   DSS 5. At the time Rothman

14  recorded the video clip, she did not realize that it may be or was copyrighted. DSS 6.

15  Rothman recorded the video clip solely because she thought she might need a

16  bona fide example of Dr. McGraw's conduct for her lawsuit. DSS 7.  Rothman did

17  not send, give, copy, reproduce, transmit, e-mail or disseminate the video clip to any

18  other person except her lawyers at Matern Law Group, PC and in response to

19  Defendant CBS Studios, Inc.'s discovery requests in her employment-related action,

20  entitled *Rothman v. Peteski Productions, Inc. et al.*, Los Angeles County Superior

21  Court Case No. BC607535 ("the Rothman Action"). DSS 8.  Nor has Rothman ever

---

[1]   In the event of dismissal, Rothman requests that the court retain jurisdiction to decide a motion for attorney's fees which Rothman intends to file under 17 U.S.C. § 505. *Bridgmon v. Array Systems Corp.,* 325 F.3d 572, 577-578 (5th Cir. 2003). District courts may retain jurisdiction to rule on attorney fee motions. *Broadcast Music Inc. v. Seaside Inn of Pasco,* No. 8:13-CR-1299-T24AEP, 2013 WL 12156523, at *4 (M.D. Florida 2013).

[2]   "DSS" refers to Defendant's Separate Statement of Undisputed Material Facts.

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-2-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

1   intended to send, give, copy, reproduce, transmit, e-mail or otherwise disseminate

2   the video clip to any person other than her lawyers at the Matern Law Group, PC,

3   and in response to discovery requested in the Rothman Action. DSS 9.

4       In 2001, Rothman moved to Los Angeles, California from New York City.[3]

5   Rothman Decl., p. 2, line 3. Since 2001, Rothman has lived and worked primarily in

6   the Los Angeles area, except for some brief periods of time.  Rothman Decl., p. 2,

7   lines 4-5. While working on the Dr. Phil Show, Rothman traveled to Texas

8   approximately ten times to interview guests. Rothman Decl., p. 2, lines 6-7.

9   Typically, she spent one to two days in Texas for each shoot, except when she went

10  to Elgin in 2004, where she spent approximately four to eight weeks. Rothman

11  Decl., p. 2, line 7-9. Rothman did not "move" to Texas in that her stay was only

12  temporary and she did not consider Texas to be her home at any time while she was

13  working there.  Rothman Decl., p. 2, lines 9-11.

14      Rothman last worked in Texas for the Dr. Phil Show several years before her

15  employment ended in 2015.  Rothman Decl., p. 2, lines 12-13. Rothman estimates

16  she last worked in Texas for the Dr. Phil Show no later than 2010.  Rothman Decl.,

17  p. 2, lines 13-14.

18      As of June 15, 2017, when this action was filed, and continuing to this date,

19  Rothman has been living only in Los Angeles, California. Rothman Decl., p. 2, lines

20  15-16. Since early June 2017, Rothman has been on hiatus from her job as a

21  writer/producer for a television show whose production office is located in Los

22  Angeles County, California.  Rothman Decl., p. 2, lines 15-18.  Rothman plans on

23  continuing to work on this same television show in the fall after their summer

24  hiatus.  Rothman Decl., p. 2, lines 18-19.

25  ///

26

27  [3]     This fact and the following facts are not included in the Separate Statement of

28  Undisputed Material Facts because they do not pertain to the fair use defense.

-3-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

This District Court is over 1600 miles from the Central District of California. Khalili Decl. p. 1, line 23 to p. 2, line 2; Ex. 2; Request for Judicial Notice ("RJN"), Ex. 1.  It would be financially onerous and highly inconvenient for Rothman to have to defend herself in this case in Texas. Rothman Decl., p. 2, lines 20-22. For example, if she is required to attend the trial in Texas, she would have to purchase airfare and hotel accommodations, rent a car and incur expenses for meals. Rothman Decl., p. 2, lines 22-23. If required to travel to Texas for the trial, Rothman would lose more time from work, for which should would not be paid, than if the case were venued in Los Angeles. Rothman Decl., p. 2, lines 24-27.

Peteski is helmed by Dr. McGraw, who is the top earning talk show host in the country. Khalili Decl., p. 2, lines 3-11; Exs. 3, 4; Rothman Decl. p. 3, lines 1-3. Peteski's principal place of business is in Los Angeles. Khalili Decl., p. 2, lines 12-16; Ex. 5, p. 6, lines 22-27; Rothman Decl., p. 3, lines 3-5. Dr. McGraw, who founded Peteski, resides in the Los Angeles area of California. Khaliki Decl. p. 2, lines 17-22; Ex. 6; RJN, Ex. 2; Rothman Decl., p. 3, lines 1-3, 6. Peteski could have filed this action in the Central District of California. Rothman Decl., p. 2, lines 4-5, 15-19, p. 3, lines 1-6; Khalili Decl., p. 2, lines 38-22; Exs. 3, 4, 5, p. 6, lines 22-27; RJN, Ex. 2.

## III.   STATEMENT OF ISSUES

Pursuant to Local Rule CV-56(a), Defendant sets forth her Statement of Issues in support of her motion for summary judgment:

Issue: Does the fair use defense bar Plaintiff's First Claim for Relief for Copyright Infringement?

## IV.   DISMISSAL OF THIS ACTION IS MANDATED UNDER THE "FAIR USE" DEFENSE

"Federal Rule of Civil Procedure Rule 12(b)(6) authorizes the dismissal of a complaint that fails 'to state a claim upon which relief can be granted.' " *Caner v. Smathers,* No. 4:13-CV-494-Y, 2014 WL 12580461, at *2 (N.D. Tex. Apr. 17, 2014). To prevail on a copyright infringement claim, plaintiff must prove that they

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-4-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

1  own a valid copyright, and that Defendant impermissibly copied or otherwise

2  infringed upon that copyright. *Quintanilla v. Texas Television Inc.,* 139 F.3d 494,

3  500 (5th Cir.1998) (citing *DSC Communications Corp. v. DGI Techs., Inc.,* 81 F.3d

4  597, 600 (5th Cir.1996)). "However, even if the copyright holder makes this prima

5  facie showing, the accused infringer may avoid liability under the doctrine of fair

6  use." *Am. Inst. of Physics v. Schwegman, Lundberg & Woessner, P.A.,* No. CIV.

7  12-528 RHK/JJK, 2013 WL 4666330, at *8 (D. Minn. Aug. 30, 2013).

8      The following statutory factors are considered when determining whether the

9  fair-use defense applies: "(1) the purpose and character of the use, including

10  whether such use is of a commercial nature or is for nonprofit educational purposes;

11  (2) the nature of the copyrighted work; (3) the amount and substantiality of the

12  portion used in relation to the copyrighted work as a whole; and (4) the effect of the

13  use upon the potential market for or value of the copyrighted work." *Caner*, 2014

14  WL 12580461, at *3.

15      Fair use analysis "is not to be simplified with bright-line rules, for the statute,

16  like the doctrine it recognizes, calls for case-by-case analysis." *Campbell v. Acuff–*

17  *Rose Music, Inc.,* 510 U.S. 569, 577 (1994). "Nor may the four statutory factors be

18  treated in isolation, one from another. All are to be explored, and the results

19  weighed together, in light of the purposes of copyright." *Id.* at 578. However, the

20  fourth factor is "undoubtedly the single most important element of fair use." *Harper*

21  *& Row,* 471 U.S. 539, 566 (1985)).

22      The fair use doctrine is available as an affirmative defense to copyright

23  infringement claims when the defendant uses copyrighted material for criticism,

24  comment, news reporting, teaching, scholarship, or research. *J & J Productions, Inc.*

25  *v. Garcia,* No. CIV.A. H-13-3322, 2014 WL 2739302, at *4 (S.D. Tex. June 17,

26  2014) (citing 17 U.S.C. § 107 and *Campbell,* 510 U.S. at 576 (outlining the fair use

27  doctrine).

28  ///

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-5-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

1       *Caner,* 2014 WL 12580461, at *3 is instructive.  In *Caner,* the plaintiff-doctor

2   was an author and public speaker who alleged that the defendant infringed on the

3   plaintiff's copyright by posting videos showing plaintiff on an internet site. *Id.* at *1.

4   The videos were taken during a presentation given by plaintiff to the Marine Corps

5   and were obtained by defendant through the Freedom of Information Act ("FOIA")

6   request to criticize him. *Id.* at *1.  The defendant filed a motion to dismiss for failure

7   to state a claim or alternatively for summary judgment and attached materials

8   outside the pleadings, including the FOIA request of which judicial notice was not

9   allowed. *Id.* at *3. The court declined to consider the exhibits outside the pleadings,

10  "necessitating the conversion of the motion into one for summary judgment." *Id.*

11      The defendant in *Caner* met the first factor because there was no evidence

12  that he posted the videos for commercial gain. *Id.* Rather, defendant used the videos

13  to expose contradictions in plaintiff's biography and to criticize a public figure. *Id.*

14  In light of those purposes, the court concluded that defendant's use "transformed the

15  character of the original work." *Id.* (citing *Campbell v. Acuff-Rose Music, Inc.*, 510

16  U.S. 569, 579 (1994) (explaining that in analyzing fair use under the first factor, a

17  court considers whether the new work is "transformative"). "[T]ransform[ing] the

18  character and message of the videos" also weighed in favor of fair use. *Id.*

19      The second factor, "nature of the copyrighted work" was also satisfied. Under

20  that factor, "'[a] court is more likely to find fair use when the copied work is factual

21  as opposed to fictional and creative.' " *Id.*  at *4 (citing *Super Future Equities, Inc.*

22  *v. Wells Fargo Bank Minn., N.A.*, 553 F. Supp. 2d 680, 699 (N.D. Tex. 2008) [citing

23  *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 200 (3d Cir.

24  2003)]). Plaintiff's videos were factual because they "intended to provide

25  information regarding the religion of Islam" even though plaintiff's statements were

26  allegedly fictional. *Caner,* 2014 WL 12580461, at *4.

27      The third factor requires the court to consider whether "the amount and

28  substantiality of the portion used in relation to the copyrighted work as a whole ...

-6-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

1  [is] reasonable in relation to the purpose of the copying." *Id.* (citing *Campbell*, 510
2  U.S. at 586 (internal quotation marks omitted).  Defendant posted the entire videos.
3  *Caner,* 2014 WL 12580461, at *4. "Such wholesale use, as compared to an
4  infringing use that borrows only a small portion of the work, weighs against finding
5  fair use." *Straus v. DVC Worldwide, Inc.*, 484 F. Supp. 2d 620, 644 (S.D. Tex. 2007)
6  (citing Kelly v. Arriba Soft Corp., 336 F.3d 811, 820 (9th Cir. 2003)); *see also DSC*
7  *Commc'ns Corp. v. DGI Techs., Inc.*, 898 F. Supp. 1183, 1191 (N.D. Tex. 1995)
8  (noting that "the fact that an entire work was copied does not preclude a finding of
9  fair use").

10  The fourth factor is "the extent of the market harm caused by the alleged
11  infringement." *Caner,* 2014 WL 12580461, at *4. The *Caner* defendant argued that
12  any financial harm to plaintiff caused by defendant's posting of the videos was the
13  result of defendant's "legitimate criticisms of [plaintiff]" and not "related to the
14  unauthorized reproduction of [plaintiff's] lectures". *Id.* Such criticism "merely
15  suppresses demand" and is not legally cognizable "under the Copyright Act." *Id.*
16  (citing *Campbell*, 510 U.S. at 592). The court's analysis of these four factors led it
17  to conclude that dismissal of plaintiff's copyright infringement claims was
18  appropriate. *Caner,* 2014 WL 12580461, at *4.

19  It is also well-established that the fair use doctrine applies to copyrighted
20  material used in connection with judicial proceedings. *Shell v. Devries,* No. CIV.
21  06-CV-00318-REB, 2007 WL 324592, at *3 (D. Colo. Jan. 31, 2007), *aff'd,* No. 07-
22  1086, 2007 WL 4269047 (10th Cir. Dec. 6, 2007) (stating that "both the United
23  States Senate and the United States House of Representatives have recognized that
24  judicial use of copyrighted materials may constitute fair use, S.Rep.No. 94–473, pp.
25  61–62 (1975); H.R.Rep. No. 94–1476, p. 65 (1976)"). Courts in the Fifth Circuit as
26  well as other circuits have dismissed actions based on that defense.

27  ///
28  ///

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-7-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

## A.   THE FAIR USE DEFENSE APPLIES TO COPYRIGHTED MATTER USED IN CONNECTION WITH LITIGATION

In *Am. Inst. of Physics v. Winstead PC*, No. 3:12-CV-1230-M, 2013 WL 6242843, at \*1 (N.D. Tex. Dec. 3, 2013) publishing companies that produce scientific, technological and medical journals sued a law firm which practices patent law, for making numerous copies of some academic articles (non-patent literature ["NPL"]) for use in the firm's patent prosecution practice. *Id.* at \*1.  The defendants use NPL in their legal practice and in preparing documents for patent applications, which contain copies of NPL. *Id.* at \*2. The copies are provided to the government patent office ("USPTO") to inform the USPTO of relevant prior art.  *Id.* at \*7.

In *Winstead,* plaintiff argued that defendants' use of NPL copies is not transformative because defendants make exact copies of the articles and readers who buy licenses to plaintiffs' original publications use the articles in the same manner. *Id.* at \*5.  Even though exact copies were made of the articles, the court found that defendants used the copies for a different purpose: to provide background context for patent examiners in their analysis of patent applications.  *Id.*  Defendants read the articles not to learn the scientific material contained in them but to determine if "the article discusses scientific information related to the client's potential patent." *Id.*  The court noted that "[o]ther courts have also found that exact copies of copyrighted work can be transformative in certain contexts. *Id.* at \*6 (citing *A .V. ex rel. Vanderhye v. iParadigms,* LLC, 562 F.3d 630, 638 (4th Cir.2009) (holding that a use can be transformative in function or purpose without altering or actually adding to the original work); *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1165 (9th Cir.2007) (ruling that the use of unaltered images in a search index was "highly transformative" because the copied images served the new purpose of creating an electronic reference tool, which provided a public benefit)).

///

///

1    The *Winstead* court determined that defendants' copying of the articles was
2    not a commercial enterprise because there was no evidence that defendants realized
3    any profit on the photocopies.  *Id.* at * 7. Succinctly stated, "[t]he issue is whether
4    the copying itself is part of a commercial enterprise." *Id.* at *8. Although
5    defendants' business is for-profit, "Defendants do not profit, directly or indirectly,
6    from making copies of the articles." *Id.*  Additionally, the public benefitted from
7    defendants' copying of NPL by making the application process at the USPTO more
8    efficient. *Id.* at *9.

9    The NPL was primarily factual and scientific and therefore this second factor
10   weighed in favor of fair use. *Id.* Although the third factor – amount and
11   substantiality of portion used – weighed against fair use because defendants copied
12   the entire NPL, there was a countervailing consideration of defendants' ethical
13   compliance when facing potential liability for failing to submit relevant information
14   to the USPTO.  *Id.* at *10.  The court concluded this factor was "neutral or weighed
15   only slightly against a finding of fair use."  *Id.*

16   The *Winstead* defendants presented evidence that their actions had no
17   significant impact on the market for the plaintiff's original articles and plaintiff
18   failed to present any contrary evidence that the transformative nature of the
19   defendants' use makes it less likely to cause a substantially adverse impact on the
20   potential market of the original work. *Id.* at *11 (citing *Suntrust Bank v. Houghton*
21   *Mifflin Co.,* 268 F.3d 1257, 1274, n. 28 (11th Cir. 2001).  The court cannot infer a
22   negative market effect where the use is transformative. *Id.* Even construing the facts
23   in the light most favorable to plaintiffs, the *Winstead* court concluded that the public
24   benefitted from defendants' use which "minimizes excessive costs in patent
25   applications and maximizes the accuracy of the patent process, while Plaintiffs'
26   potential gain would be limited to profits on a limited number of new licenses."  *Id.*
27   at *12.

28   ///

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

1    In *Winstead*, the court found that three of the four factors favor fair use and

2   the only factor which does not favor the defense "does not carry the same weight"

3   because defendants made "transformative, non-commercial use of the copyrighted

4   work in a way that promotes the public interest." *Id.* at *13.

5    Other courts have applied the fair use doctrine where the copyrighted material

6   was used as evidence in a judicial proceeding and was not put "to its intrinsic use."

7   *Shell*, 2007 WL 324592, at *3 (citing *Religious Technology Center v. Wollersheim,*

8   971 F.2d 364, 367 (9th Cir.1992) (finding fair use where defendants copied and

9   distributed religious scriptures from former members of the Scientology Church and

10  gave them to expert witnesses for the purpose of preparing testimony in a state tort

11  litigation); *Jartech v. Clancy,* 666 F.2d 403, 406–07 (9th Cir.1982) (finding fair use

12  where defendants made abbreviated copies of adult movies for use as evidence in a

13  nuisance abatement proceeding).

14    In *Shell,* 2007 WL 324592, at *2, defendants obtained a copy of some pages

15  from plaintiff's website which plaintiff wrote and copyrighted.   The *Shell*

16  defendants transmitted the copy to their computers without authorization from

17  plaintiff and without paying license fees.   The *Shell* defendants intended to use the

18  material to obtain a court order against plaintiff and attached it as an exhibit to a

19  motion for attorney fees and costs in a case filed by plaintiff. *Id.*

20    The purpose and character of the website pages weighed in favor of fair use

21  because the *Shell* defendants intended only to use the copyrighted material as an

22  exhibit to their attorney fee motion; in contrast, the intrinsic purpose for the material

23  was creative analysis and commentary about events related to the lawsuit and

24  defendants did not intend to reap commercial gain from the material. *Id.* at *4. The

25  nature of the work favored fair use because the materials provided a time-line of

26  events leading up to and during the lawsuit, rendering them "more factual than

27  creative." *Id.* It was unclear how much of the website was used and how substantial

28  the used portion was in relation to the entire website.   *Id.* at *5. However, the court

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

1 noted "the fact than an entire work was copied does not…preclude a finding of fair

2 use." *Id.* Since the use of the work was limited, this factor "carries very little

3 weight." *Id.* Lastly, plaintiff's marketability of her work was not impaired by

4 defendants' use of the copies as an exhibit to a motion. *Id.* Based on this analysis,

5 the court held that the Complaint failed to state a claim for copyright infringement

6 under 12(b)(6). *Id.*

7 In another copyright infringement matter, *Wollersheim,* 971 F.2d 364, 365

8 (9th Cir. 1992), plaintiffs alleged that during the prosecution of a state court action,

9 defendant Wollersheim's attorneys obtained copies of stolen confidential religious

10 scriptures from former members of the Scientology Church and gave them to

11 Wollersheim's expert witnesses. The *Wollersheim* plaintiffs also alleged the

12 defendants planned to reveal the contents of the confidential scriptures, to blackmail

13 the state court defendant into settling the *Wollersheim* state case. In addition,

14 plaintiffs alleged one of the defendant attorneys attempted to extort from the state

15 court defendant and threatened to disclose the contents of the scriptures unless he

16 was paid $10 million. *Id.*

17 The *Wollersheim* Complaint alleged that one of Wollersheim's attorneys

18 "copied and transferred the stolen documents to…Wollersheim's expert witnesses."

19 *Id.* at 367. The *Wollersheim* defendants' answer admitted that the attorneys

20 "provided the documents to the expert witnesses for the purpose of preparing their

21 testimony in the state tort litigation." The *Wollersheim* plaintiffs did not contend

22 that the lawyers used the documents for any other purpose and did not dispute "that

23 the documents were sealed, marked 'Confidential' and never offered into evidence."

24 *Id.*

25 Under these circumstances, the documents were considered "fair use" and not

26 an infringement of [plaintiffs'] copyright. *Id.* (citing *Jartech,* 666 F.2d at 406-07; 3

27 *Nimmer on Copyright* § 13.05[D] at 13–91 (1991) ["works are customarily

28 reproduced in various types of judicial proceedings, including obscenity and

-11-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

1   defamation actions ... and it seems inconceivable that any court would hold such
2   reproduction to constitute infringement either by the government or by the
3   individual parties responsible for offering the work in evidence"]; *Hustler*
4   *Magazine, Inc. v. Moral Majority Inc.,* 796 F.2d 1148, 1155 (9th Cir.1986) [" 'use
5   that has no demonstrable effect upon the market for, or the value of, the copyrighted
6   work need not be prohibited in order to protect the author's incentive to create' "]
7   (quoting *Sony Corp. of America v. Universal City Studios, Inc.,* 464 U.S. 417, 450
8   (1984)). The copyright claim against the attorneys was dismissed. *Id.*

9       In *Jartech*, 666 F.2d 403, makers of adult movies alleged that an agent of a
10  city council surreptitiously entered one of plaintiffs' theaters and, employing a
11  process perfected by a city attorney, took photographs every few second of the
12  screen images while recording on a tape recorder the entire movie soundtracks. *Id.*
13  at 405. The photographs were later reproduced in small prints and with the dialogue
14  printed underneath for use by the city council in determining whether the theatre
15  was a nuisance and in abatement proceedings. *Id.* The jury found that defendants'
16  copy of the films was a fair use. *Id.*

17      On appeal, the city council argued that it had not commercially exploited the
18  copyright but only used it in a nuisance abatement proceeding and therefore its use
19  "was within the safe harbor of fair use." *Id.* at 406. The Court of Appeal concluded
20  that "the use to which the alleged infringers put the copy is not an intrinsic use"
21  because they defendants "made abbreviated copies of the films, not for subsequent
22  use and enjoyment, but for evidence to be used in the nuisance abatement
23  proceedings." *Id.* at 407. The Court of Appeal explained that "[w]hile the statutory
24  standards are not precisely applicable to the facts at bar, because there was evidence
25  that the city council's use was neither commercially exploitive of the copyright, nor
26  commercially exploitive of the copyright holder's market, the jury's verdict is
27  certainly supported by substantial evidence." *Id.*

28

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-12-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

1    See also, *Monroe v. Janes*, No. 906-CV-0859 FJS/DEP, 2008 WL 508905, at

2    \*10, 11 (N.D.N.Y. Feb. 21, 2008) (defendants' alleged copying of inmate's logo

3    design constituted fair use since if copying occurred in was in preparation for use as

4    evidence in disciplinary hearing and there was no evidence of commercial

5    exploitation); *Berry v. Dillon*, 291 F. Appx. 792, 794 (9th Cir. 2008) ("district court

6    did not err in holding that any copying by [defendants] was done to preserve

7    evidence for litigation, and is therefore "fair use" under 17 U.S.C. § 107);

8    This case presents equally if not stronger reasons as the above cases for

9    applying the fair use doctrine.

10    **B.    ROTHMAN'S PURPOSE IN MAKING THE RECORDING WAS**

11    **NOT COMMERCIAL**

12    Application of these fair use factors to the evidence submitted with

13    Rothman's motion compels the conclusion that the fair use doctrine bars Plaintiff's

14    Complaint.

15    The first factor, purpose and character of the use, focuses on the new work's

16    transformative nature: "whether the new work merely 'supersede[s] the objects' of

17    the original creation ... or instead adds something new, with a further purpose or

18    different character, altering the first with new expression, meaning, or message."

19    *Campbell,* 510 U.S. at 579 (citations omitted).  "Whether the use has a commercial

20    or nonprofit educational purpose, although not determinative, is an element of the

21    first factor. *Id.* at 584. "The crux of the profit/nonprofit distinction is not whether the

22    sole motive of the use is monetary gain but whether the user stands to profit from

23    exploitation of the copyrighted material without paying the customary price."

24    *Harper & Row Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 562, 105 S.Ct.

25    2218, 85 L.Ed.2d 588 (1985). A finding of a transformative nature and a nonprofit

26    purpose support a finding of fair use. *Id.* at 578–85.

27    Rothman satisfies both prongs of this factor.

28    ///

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-13-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

The evidence conclusively establishes that Rothman's use of the video clip was transformative because she recorded only an excerpt of the complete video which extended beyond 9 seconds and intended to use it solely for evidence in the Rothman Action.  Thus, the video clip does not supersede the original work "but has the different purpose" of being used for her litigation. *Campbell,* 510 U.S. at 579 (the more "transformative" the copy, the more likely it is to fall under fair use).

The evidence further establishes that Rothman recorded the video clip not for a "commercial use" but, rather to use in judicial proceedings related to her claims against Peteski, CBS and Dr. McGraw. Rothman did not "stand to profit from exploitation [of the video clip]…without paying the customary price". Since Rothman did not disseminate the video clip to anyone except her lawyers (and the Defendants in the Rothman Action as California law required her to do[4]) for the limited purpose of the Rothman Action, she cannot logically be said to have "stood to profit from exploitation" of the video clip; she neither exploited use of the video clip nor stood to "profit" from it.

*Levingston v. Earle*, No. CV-12-08165-PCT-JAT, 2014 WL 1246369 (D. Ariz. Mar. 26, 2014) is particularly apt. In that case, defendants attached copies of plaintiff's book to their pleadings in connection with a harassment proceeding. *Id.* at *2. The court held that "Defendants' reproduction of the Book constituted fair use because it was a noncommercial use necessary to provide evidentiary support for

---

[4]     California Code of Civil Procedure § 2031.010 requires a party responding to a demand for production of documents or other tangible things, to either agree to comply, state that he or she is unable to comply or object to the request. Cal. Code of Civil Proc. § 2031.210.  If the party complies, he or she must state that the demanded production will be allowed in whole or in part and that the documents or things demanded that are in respondent's possession, custody or control will be produced, except to the extent any objection is made.  Code of Civ. Proc. § 2031.220.  The video clip was responsive to requests for production nos. 23, 29, 75, 78 and 91 propounded on Rothman by CBS, who shares the same counsel as Peteski. DSS 8.

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-14-
DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

1  Defendants' court proceedings." *Id.* The following rationale could not be more on

2  point with Rothman's defense:

3           Defendants could not attempt to prove

4           Plaintiff's written harassment without

5           providing the court with the allegedly

6           harassing material.

7  *Id.*

8           So too here, Rothman recorded the video clip in order to prove her claims in

9  the Rothman Action of Intentional Infliction of Emotional Distress and Wrongful

10 Constructive Termination.

11          Although Plaintiff's Complaint in this action alleges that Rothman used the

12 video to "smear" and "extort money from Plaintiff" (Complaint, ¶ 31), these

13 conclusory allegations have no factual support and therefore cannot be accepted as

14 true. *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (in ruling on a motion to dismiss,

15 courts "are not bound to accept as true a legal conclusion couched as a factual

16 allegation").

17          The first factor thus weighs in favor of fair use.

18 **C.    THE NATURE OF THE RECORDING WAS FACTUAL**

19          The video is factual, not fictional. *Super Future Equities,* 553 F. Supp. 2d at

20 699. *Am. Inst. of Physics,* 2013 WL 6242843, at *9 (academic articles

21 "communicate factual and scientific information, and therefore [are] subject to less

22 protection than expressive works, such as poems, songs or fictional works.")

23 Indeed, paragraph 18 of the complaint alone proves this factor.  It alleges that "[t]he

24 Video footage was taken onboard a private plane. In the Video, McGraw is speaking

25 with a production team of the DPS, and is preparing to do a take for an episode of

26 the DPS. McGraw is the only person visible on the Video." Complaint, ¶ 18. This

27 allegation thus substantiates that the video is real, not fake.  Therefore, this factor

28 favors the fair use defense.

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-15-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

**D.   THE VIDEO CLIP IS ONLY A PORTION OF THE ENTIRE VIDEO**

"The third factor of fair use analysis considers '... the amount and substantiality of the portion used in relation to the copyrighted work as a whole.' " 17 U.S.C. § 107(3); *Physics,* 2013 WL 6242843, at *10 (defendants copied articles in their entirety; therefore, this factor weighs against their fair use defense, "though not substantially.").

Rothman recorded only a 9 second portion of the entire video which is longer than the portion she recorded.  However, even if Rothman recorded the entire video, that fact would not necessarily defeat the fair use defense.  *DSC*, 898 F. Supp. at 1191.

**E.   ROTHMAN'S RECORDING OF THE VIDEO HAD *NO EFFECT* ON THE POTENTIAL MARKET FOR, OR ON THE VALUE OF, THE CLIP**

The fourth factor measures "the effect of the use upon the market for, or value of, the copyrighted work." 17 U.S.C. § 107(4); *Am. Inst. of Physics,* 2013 WL 6242843, at *10.

Since Rothman's recording was not placed on the market, and used only for purposes of her civil action, and has not since been disclosed to the public in any way, shape or form (Rothman Decl. p. 1, line 22-p.2, line 2; Khalili Decl. p. 1, lines 10-22), it must necessarily be concluded that the recording had zero effect on the market and zero value.

Rothman's use of the video clip is distinguishable from *Images Audio Visual Productions v. Perini Bldg. Co.,* 91 F.Supp.2d 1075 (E.D.Mich.2000), where the court found no fair use despite the alleged purpose for use in possible future litigation. In *Perini,* the plaintiff held copyrights for photographs of a construction site. *Id.* at 1078.  The photographs were intended to serve, among other purposes, as an evidentiary record of progress in the event a dispute occurred during or after

1  construction. *Id.* at 1077. When a dispute arose and the parties entered into
2  arbitration proceedings, the defendant construction company made photocopies of
3  the plaintiff's photographs instead of paying the plaintiff for the copies. *Id.* at 1077-
4  1078.

5  When sued by the plaintiff for copyright infringement, the construction
6  company argued that its reproduction of the photographs for use in the arbitration
7  proceedings constituted fair use. *Id.* at 1078. In finding no fair use, the court
8  distinguished "between copyrighted works that happen to capture information that
9  proves relevant to subsequent litigation, and works that are intended to capture such
10 information, specifically for the purpose of litigation." *Id.* at 1086. The court held
11 that where judicial proceedings are one of the intended markets of the copyrighted
12 work, "the copyright holder is entitled to exercise control over the use of his works
13 within this market; the fair use doctrine does not require the wholesale abandonment
14 of copyright protection at the courthouse door." *Id.*

15 Unlike in *Perini,* judicial proceedings in the Rothman Action were plainly not
16 one of the intended markets of the original video recording; rather, Rothman's
17 recording "happened to capture information that proved relevant to subsequent
18 litigation." *Id.* at 1086.

19 **V.    THIS COURT HAS THE POWER TO CONVERT THIS MOTION**
20 **INTO A SUMMARY JUDGMENT MOTION**

21 "Generally, a court ruling on a motion to dismiss may rely on only the
22 complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d
23 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "A court
24 is permitted, however, to rely on documents incorporated into the complaint by
25 reference, and matters of which a court may take judicial notice." *Id.* at 338. In
26 addition, a "court may consider documents attached to a motion to dismiss that 'are
27 referred to in the plaintiff's complaint and are central to the plaintiff's claim.' "

28

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-17-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

1  *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v.*

2  *Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

3      Federal Rule of Civil Procedure 12(d) "gives a district court 'complete

4  discretion to determine whether or not to accept any material beyond the pleadings

5  that is offered in conjunction with a Rule 12(b)(6) motion.' " *Isquith ex rel. Isquith*

6  *v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (citations omitted).

7  Where matters outside the pleadings are considered, "the motion must be treated as

8  one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). And "[a]ll parties

9  must be given a reasonable opportunity to present all the material that is pertinent to

10  the motion." *Id.*

11      Although fair use, an affirmative defense, is a mixed question of law and fact, a

12  district court may resolve issues of fair use at summary judgment where there is no

13  genuine issue of material fact relevant to the fair use determination. *Reyes v. Wyeth*

14  *Pharmaceuticals, Inc.,* 603 F.Supp.2d 289, 296 (D. Puerto Rico 2009).

15      Thus, if the "fair use" defense is not apparent from the four corners of the

16  complaint, the court can nonetheless treat it as a motion for summary judgment:

17          12(d) Result of Presenting Matters Outside the

18          Pleadings. If, on a motion under Rule 12(b)(6)

19          or 12(c), matters outside the pleadings are

20          presented to and not excluded by the court, the

21          motion must be treated as one for summary

22          judgment under Rule 56. All parties must be

23          given a reasonable opportunity to present all

24          the material that is pertinent to the motion.

25      Fed.R.Civ.Pro. 12(d).

26      In the copyright infringement action of *Winstead,* 2013 WL 6242843, the

27  court did just that. Defendants moved to dismiss based on the fair use defense and

28

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-18-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

1  the court converted the motion to a motion for summary judgment pursuant to

2  Federal Rule of Civil Procedure 12(d).  *Id.* at *1.

3      "Summary judgment is warranted when the facts and law, as reflected in the

4  pleadings, affidavits and other summary judgment evidence, show that no

5  reasonable trier of fact could find for the nonmoving party as to any material fact.

6  *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 817, 888 (1990); *Anderson v. Liberty Lobby,*

7  *Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The moving party

8  bears the initial burden of identifying those portions of the pleadings and discovery

9  in the record that it believes demonstrate the absence of a genuine issue of material

10  fact, but is not required to negate elements of the nonmoving party's case." *Lynch*

11  *Props., Inc. v. Potomac Insur. Co.,* 140 F.3d 622, 625 (5th Cir.1998) (internal

12  citation omitted). When, as in this case, the movant bears the burden of proof on an

13  issue, the movant must "establish beyond peradventure all of the essential elements

14  of the claim" to warrant judgment in its favor. *Fontenot v. Upjohn Co.,* 780 F.2d

15  1190, 1194 (5th Cir.1986). If movant carriers its initial burden, the burden shifts to

16  the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S.*

17  *Houston,* 922 F.2d 1183, 1187 (5th Cir.1991).

18      The nonmovant is then required to go beyond the pleadings and designate

19  specific facts that prove the existence of a genuine issue of material fact. *Matsushita*

20  *Elec. Indus. Co. v. Zenith Radio Corp. .,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89

21  L.Ed.2d 538 (1986). In determining whether genuine issues of material fact exist,

22  "factual controversies are construed in the light most favorable to the nonmovant,

23  but only if both parties have introduced evidence showing that a controversy exists."

24  *Lynch,* 140 F.3d at 625. In the absence of proof, a court will not conclude that the

25  nonmoving party could prove the required facts. *Id.* A district court properly grants

26  summary judgment if, when viewing the facts in the light most favorable to the

27  nonmovant, the movant shows that there is no genuine issue of material fact and that

28  the movant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).

MATERN LAW GROUP,
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-19-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

1   *Caner,* 2014 WL 12580461, at *3 also applied the fair use doctrine by

2   converting defendant's motion to dismiss into a summary judgment motion (in

3   ruling on a 12(b)(6) motion, the court exercised its discretion by "declin[ing] to

4   consider the exhibits as matters outside the pleadings necessitating the conversion of

5   the motion into one for summary judgment."). Thus, it is well within this Court's

6   discretion to treat this motion as one for summary judgment.

7   **VI.   DISMISSAL OF THIS ACTION IS ALSO MANDATED BECAUSE**

8   **THIS COURT LACKS PERSONAL JURISDICTION OVER**

9   **ROTHMAN**

10   "Once a non-resident defendant files a motion to dismiss for lack of personal

11   jurisdiction, the burden of establishing the district court's jurisdiction lies with the

12   party seeking to invoke the court's jurisdiction." *Diebold Election Systems, Inc. v Al*

13   *Technology, Inc.,* 562 F.Supp.2d 866, 872 (E.D. Texas 2008) (citing *Alpine View*

14   *Co. Ltd. V. Altas Copco AB,* 205 F.3d 208, 215 (5th Cir. 2000). "When, as here, the

15   court's resolution relies on briefing rather than an evidentiary hearing, 'the party

16   seeking to assert jurisdiction must present sufficient facts as to make out only a

17   *prima facie* case supporting jurisdiction.' " *Id.* "When considering a motion to

18   dismiss, the court must accept as true the plaintiff's uncontroverted nonconclusory

19   allegations and resolve all factual disputes in favor of the plaintiff." *Id.* (citing *Cent.*

20   *Freight Lines Inc. v. APA Transport Corp.,* 322 F.3d 376, 380 (5th Cir. 2003)). "The

21   court is to consider the existence of personal jurisdiction on the basis of the facts as

22   they existed at the time the complaint was filed. *Diebold,* 562 F.Supp.2d at 872

23   (citing *Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 787 n. 1 (5th Cir.1990).

24   "A district court may not exercise personal jurisdiction over a nonresident

25   defendant unless that party has "purposely availed himself of the benefits and

26   protections of the forum state by establishing minimum contacts with the forum

27   state" and exercise of that jurisdiction 'does not offend traditional notions of fair

28   play and substantial justice.' " *Diebold,* 562 F.Supp.2d at 872 (citing *Paz v. Brush*

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

1   *Engineered Materials, Inc.,* 445 F.3d 809, 813 (5th Cir.2006) (quoting *Panda*

2   *Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 867 (5th Cir.2001)).

3       "Thus, the non-resident defendant must first establish minimum contacts with

4   the forum state 'such that he should reasonably anticipate being haled into court

5   there.' " *Diebold,* 562 F.Supp.2d at 872 (citing *Burger King Corp. v. Rudzewicz,* 471

6   U.S. 462, 474 (1985). "The focus is on 'the quality and nature' of the defendant's

7   invocation of 'the benefits and protections of' the forum state's laws." *Id.* (citing

8   *Burger King,* 471 U.S. at 475 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253

9   (1958)).

10      Specific jurisdiction exists where the plaintiff alleges a cause of action which

11  grows out of or relates to a contact between the defendant and the forum state.

12  *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8 (1984).

13  Elements which must exist for the court to exercise specific jurisdiction are: (1) the

14  foreign defendant must purposely direct his activities at residents of the forum and

15  (2) the cause of action must arise from or be connected with such activities. *Burger*

16  *King,* 471 U.S. at 472.[5]

17      On the issue of personal jurisdiction, the Complaint is more significant for

18  what it does not allege than for what it does allege. Paragraph 5 alleges that

19  Rothman worked in Texas by interviewing "citizens" and conducting research

20  which enabled her to learn how to access "various" video databases from which the

21  recording of the video clip was allegedly made. Complaint, ¶ 5. While Rothman

22  partly disputes these allegations, even accepting them as true, they do not rise to the

23  level of sufficient minimum contacts for this Court to exercise personal jurisdiction

24  over her. Noticeably absent from the Complaint is any allegation that Rothman

25  committed the alleged wrongful act – the infringement – in Texas, i.e. made the

---

26

27  [5]     General jurisdiction exists only when the defendant's contacts with the state
        are "continuous and systematic." *Id.* at 416. Plaintiff alleges only specific
28      jurisdiction. Complaint, ¶ 5.

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-21-
DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

1  recording of the video clip in this forum state, or even accessed the video while in

2  Texas. Lacking those essential allegations, Plaintiff cannot properly allege that

3  Rothman "directed those actions to Texas.

4        *Sefton v. Jew*, 201 F.Supp.2d 730, 736-737 (W.D. Tex. 2001) is instructive.

5  There, the plaintiff-photographer alleged that a company and its president published

6  copyrighted photographs from plaintiff's website on their own website. Both

7  defendants challenged the Texas court's exercise of personal jurisdiction over them.

8  *Id.* at 737.   With respect to the company president, plaintiff did not allege any

9  wrongful act that he personally committed against plaintiff in the forum to justify

10 specific jurisdiction over him in his individual capacity. *Id.* at 742. Although

11 plaintiff alleged that the president personally received letters pertaining to copyright

12 infringement and failed to remove copyrighted material from his website, he did not

13 allege that such actions were committed in or directed to this forum. *Id.*

14       If, by analogy, merely visiting a website "is not evidence that the website was

15 purposefully copied" (*Healix Infusion Therapy, Inc. v. HHI Infusion Servs.,* No.

16 CIV.A.H-09-3440, 2010 WL 2277389, at *4, fn. 2 (S.D. Tex. June 3, 2010), then

17 surely merely learning how to access a website or database, assuming *arguendo* that

18 Rothman did that in Texas, is not evidence that the database was accessed in Texas.

19       Even if the database that Rothman is alleged to access was accessed in Texas,

20 that fact is insufficient to make the requisite prima facie showing. *Ray v. Experian,*

21 No. 3:07-CV-1114-R, 2007 WL 4245459, at *3 (N.D.Tex. Nov.30, 2007) (holding

22 that defendant's "accessing or sending data ... to or from a database which happens

23 to be headquartered in Texas is not *purposeful* availment by [defendant] of the

24 benefits and protections of Texas' laws"); *GTE New Media Services Inc. v.

25 BellSouth Corp.*, 199 F.3d 1343, 1350 (D.C. Cir. 2000) (the "mere accessibility of

26 the defendants' websites" in the forum cannot by itself "establish [ ] the necessary

27 'minimum contacts.' ").

28

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-22-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

1    Further, assuming that Rothman knew that Plaintiff is a Texas company and

2  holds the intangible property rights made the subject of this action" (Complaint,

3  ¶ 5), those allegations are also legally insufficient because mere knowledge that the

4  copyright belonged to a Texas company does not confer minimum contacts. *Havel v.*

5  *Honda Motor Europe Ltd.,* No. H–13–1291, 2014 WL 4967229, at *13 (S.D.Tex.

6  Sept.30, 2014) (finding, in a copyright infringement case concerning an image of a

7  sculpture made in Houston by Houston residents, that a defendant's own contacts

8  with Texas were too "random, fortuitous, or attenuated" to satisfy due process where

9  defendant *knew the image was based in Houston*, *that the image's copyright*

10  *belonged to Houston* residents, and that others working on the subject project

11  contacted the Houston residents [emphasis added]).

12    Since there is no allegation in the Complaint, which must accepted as true,

13  that the alleged infringement occurred in Texas (it didn't) , or even that the database

14  is only accessible from Texas (it isn't), there is no basis for concluding, as plaintiff

15    has alleged, that Rothman's conduct was "directed at a resident of this

16  forum". See also, *Chang v. Virgin Mobile USA, LLC*, No. CIV.A.3:07-CV-1767-D,

17  2009 WL 111570, at *3 (N.D. Tex. Jan. 16, 2009) (insufficient contacts existed to

18  establish personal jurisdiction where plaintiffs failed to make prima facie showing

19  that company's alleged contact with the server storing photograph "actually

20  represents a contact with the state of Texas"); *Cf. Travel Jungle v. Am. Airlines, Inc.,*

21  212 S.W.3d 841, 848 (Tex.App.2006, no pet.) (holding that plaintiff showed that

22  accessed website servers were located in forum state); *The Leader's Inst., LLC v.*

23  *Jackson,* No. 3:14-CV-3572-B, 2015 WL 4508424, at *20 (N.D. Tex. July 24, 2015)

24  ("Plaintiffs do not show…that Johnston's alleged misuse of their trade secrets took

25  place in Texas, or that she helped secure new customers or business for Magnovo in

26  Texas, or that her conduct in any way had an effect on Texas residents outside of

27  Plaintiffs themselves.").

28

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-23-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

1   Despite construing plaintiff's allegations are true, the Court cannot accept
2   conclusory allegations of jurisdiction set forth in paragraph 5 of the Complaint as
3   true even if they are uncontradicted.  *Chang,* 2009 WL 111570, at *2. Consequently,
4   the allegations that "Defendants knew that their infringing acts had a direct impact
5   on Plaintiff's rights in Texas" and "Defendants have purposefully directed their
6   activities at a resident of this forum and the litigation results from alleged injuries
7   that arise out of or relate to those activities" cannot be accepted as true. *Id.*;
8   Complaint, ¶ 5.

9   In sum, over a nearly twelve-year period, Rothman had about ten brief work-
10   related visits to Texas and one longer one and last visited the state in connection
11   with the Dr. Phil Show seven years ago. Rothman Decl. p. 1, lines 9-10; p. 2, lines
12   6-14; p. 2, lines 4-14.   There is no factual showing that Rothman purposefully
13   directed her activities at this forum, such that she could anticipate being haled into
14   court here. *Latshaw v. Johnston,* 157 F.3d 208, 211 (5th Cir. 1999). There is no
15   showing that she has the necessary minimum contacts with this forum. *Id.* at 211.

16
17   **VII.   EVEN IF MINIMUM CONTACTS EXIST, FORCING ROTHMAN TO**
         **DEFEND HERSELF 1600 MILES FROM HER HOME OFFENDS**
18       **TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL**
19       **JUSTICE**

20   If such minimum contacts do exist, the court must then determine whether the
21   exercise of personal jurisdiction over a party is consistent with traditional notions of
22   fair play and substantial justice by considering five factors: the burden on the
23   defendant, the forum state's interests, the plaintiff's interest in convenient and
24   effective relief, the judicial system's interest in efficient resolution of controversies,
25   and the states' shared interest in furthering fundamental social policies. *Paz,* 445
26   F.3d at 814.

27   None of these factors favor Peteski. Unquestionably, Rothman would be
28   unduly burdened in having to travel over 1600 miles, incur costs for airfare, hotel

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

1  and car rental, in order to defend herself in this Court.  Rothman Decl., p. 2, lines
2  20-27; Khalili Decl., p.1, lines 21-27; Ex. 2; RJN, Ex. 1. This forum is not even
3  convenient for Plaintiff as its principal place of business and founder are in Los
4  Angeles.  Khalili Decl., p. 2, lines 8-22; Ex. 4, Ex. 5, p. 6, lines 22-27; Ex. 6; RJN,
5  Ex. 2; Rothman Decl., p. 3, lines 1-6.

6      The offensiveness of this situation is underscored by the fact that Plaintiff is
7  run by the top earning television host who lives in Los Angeles. Khalili Decl., p. 2,
8  lines 3-11; Ex. 2; RJN, Ex. 2; Rothman Decl., p. 3, line 6. Most of the evidence will
9  be in the form of witness testimony, and all of the known witnesses are located in
10  California.  Khalili Decl., p. 2, line 23-p. 3, line 9; Exs. 2-8; Rothman Decl., p. 3,
11  lines 1-6. There are no documents located only within Texas that are relevant to this
12  case.   Khalili Decl., p. 3, lines 16-17. The efficient resolution of controversies
13  weighs in favor of Defendant where the Central District of California has brought
14  cases to trial more than six months sooner than the Eastern District. Khalili Decl., p.
15  3, lines 18-22; Ex. 9.

16  **VIII.  <u>DISMISSAL IS WARRANTED BECAUSE THIS COURT IS THE</u>
17        **<u>WRONG VENUE</u>**

18      "Once a defendant has objected to venue, the burden shifts to the plaintiff to
19  establish that venue is proper as to each defendant and each claim." *Nuttall v.*
20  *Juarez,* 984 F.Supp.2d 637, 642-43 (N.D. Tex. 2013) (citing *Emelike v. L–3*
21  *Communications Corp.,* No. 3:12–CV–2470–M, 2013 WL 1890289, at *1
22  (N.D.Tex. May 7, 2013); *Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d
23  504, 508 (E.D. Tex. 2003) ("[T]he burden of sustaining venue lies with the
24  plaintiff.").

25      Although "[t] he Court must accept as true all of the allegations in Plaintiffs
26  complaint and resolve all factual conflicts in Plaintiff's favor" (*Braspetro Oil Servs.*
27  *Co. v. Modec (USA), Inc.,* 240 Fed.Appx. 612, 615 (5th Cir.2007) [citing *Murphy v.*
28  *Schneider Nat'l, Inc.,* 362 F.3d 1133, 1138 (9th Cir.2004)), "[t]he Court may

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

consider evidence in the record beyond the facts alleged in the complaint and its proper attachments." *Nuttall,* 984 F. Supp.2d at 642-643 (citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte,* 536 F.3d 439, 449 (5th Cir.2008)); *Electrostim Med. Servs., Inc. v. Blue Cross Blue Shield of La.,* No. 13-5071, 2013 WL 5819704, at *2 (E.D. La. Oct. 28, 2013) ("a court may consider extrinsic materials, including affidavits and other materials, in determining whether venue is proper."); *Tinsley v. Comm'r of l.R.S.,* No. 3:96-CV-1769-P, 1998 WL 59481, at *2 (N.D. Tex. Feb. 9, 1998) ("[M]otions to dismiss for improper venue under 12(b)(3) are generally resolved through submission of affidavits and declarations and discovery materials.").

If venue is improper, the Court has broad discretion to dismiss the case or, in the interest of justice, transfer the case to any district where venue is proper. 28 U.S.C.  § 1406(a); *Caldwell v. Palmetto State Savs. Bank of S.C.,* 811 F.2d 916, 919 (5th Cir.1987).  The evidence submitted with this motion establishes that this Court is not the proper venue for this action and dismissal is the appropriate remedy.

## A.    PLAINTIFF ALLEGED THE WRONG VENUE STATUTE

Peteski erroneously alleged venue under 28 U.S.C. § 1391(b).  Complaint, ¶ 6.

In actions arising under a claim for copyright infringement, venue is proper in "the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a)[6]; *Allman v. Jones*, No. 4:14-CV-142-BJ, 2014 WL 11515858, at *1 (N.D. Tex. Sept. 24, 2014); *Nuttall,* 984 F.Supp.2d at 645 ("The Court observes, however, that venue for a copyright infringement claim is governed exclusively by a special

---

[6] 28 USC § 1400(a) states that:
> Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-26-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

provision of the Copyright Act, which provides that infringement claims may be brought "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a); *Time, Inc. v. Manning,* 366 F.2d 690, 696 (5th Cir.1966) (noting that for copyright infringement claims, 28 U.S.C. § 1400(a), not 28 U.S.C. § 1391(a), governs venue").

Thus, venue is governed by 28 U.S.C. § 1400(a), not 28 U.S.C. 1391(b).

## B.   PLAINTIFF CANNOT SATISFY THE FIRST PRONG OF THE VENUE STATUTE

The first prong of § 1400(a) provides for venue where the Defendant or his [or her] agent resides. Rothman's declaration substantiates that she resides in Los Angeles County, California.  Rothman Decl., p. 2, lines 4-5, 15-16. Consequently, Peteski cannot satisfy the first prong of the venue statute.

## C.   PLAINTIFF CANNOT SATISFY THE SECOND PRONG OF THE VENUE STATUTE

Nor can Peteski meet the second prong of the venue statute.

"It is well established that, for purposes of Section 1400(a), a defendant 'may be found' in any district in which it is subject to personal jurisdiction." *Tayama v. Riom Corp.,* No. 2:11-CV-167-J, 2012 WL 556007 at *2 (N.D. Tex. Feb. 21, 2012) (quoting *Isbell v. DM Records, Inc.,* 3:02-CV-1408-G, 2004 WL 1243153, at *13 (N.D. Tex. June 4, 2004)). "Under the 'may be found' language in 28 U.S.C. § 1400(a), a defendant must be amenable to personal jurisdiction to a district, as if the district were a separate state." *Allman v. Jones,* No. 4:14-CV-142-BJ, 2014 WL 11515858, at *2 (N.D. Tex. Sept. 24, 2014); *Tayama,* 2012 WL 556007 at *2 (acknowledging wide agreement of this interpretation of "may be found" language in section 1400(a)). Thus, although a defendant may have sufficient contacts within a state to establish personal jurisdiction, venue is improper pursuant to section 1400(a) in any district of a state in which the defendant does not have systematic

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-27-
DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

1  and continuous contacts or contacts directly related to a copyright infringement
2  claim. *Id.* at *2-3.

3      As shown above, Rothman does not have sufficient contacts with Texas since,
4  (1) as of the time the complaint was filed, she did not live there (Rothman Decl., p.
5  2, lines 15-16): she has not been to Texas for the Dr. Phil Show since 2010, at the
6  latest (Rothman Decl., p. 2, lines 13-14); (3) she only went to Texas a total of about
7  ten times for very short duration except one time in approximately 2004 (Rothman
8  Decl., p. 2, lines 6-9); (4) the alleged infringement occurred in Los Angeles,
9  California (Rothman Decl., p. 1, lines 18-19); (5) Rothman never "moved" to Texas
10  and never considered it her home (Rothman Decl., p. 2, lines 9-11). Thus Rothman,
11  who did not even realize she could be infringing on copyrighted work (Rothman
12  Decl., p. 1, lines 19-21), did not "purposefully direct [her] activities at a resident of
13  this forum" (Complaint, ¶ 5) and her contacts with Texas do not "arise from" and
14  are not "directly related to Plaintiff's cause of action for copyright infringement."
15  Complaint ¶ 5. In fact, Texas has nothing to do with this claim, other than the fact
16  that Peteski is incorporated in this state. Complaint, ¶ 1; *Namer v. Martino,* No. CV
17  15-3417, 2016 WL 196175, at *6 (E.D. La. Jan. 15, 2016) ("it would offend
18  traditional notions of fair play and substantial justice to hail the [] Defendants into a
19  Louisiana court when Defendant Martino is a citizen of California doing business as
20  Defendant Black Dog and all relevant conduct took place in California.").

21      Since this case is in its infancy, discovery has not even begun and no trial date
22  has been set, the Court should dismiss the case. *Caldwell v. Palmetto State Sav.*
23  *Bank of S.C.,* 811 F.2d 916, 919 (5th Cir. 1987) (district court did not abuse its
24  discretion by not transferring case; "the interests of justice may be best served by
25  requiring the plaintiffs to begin at the beginning in the proper forum.").

26  ///
27  ///
28  ///

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-28-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY
JUDGMENT

# IX.    <u>CONCLUSION</u>

For all of the reasons as set forth above, Defendant requests that this Court dismiss this action with prejudice.


                                        Respectfully Submitted,

DATED:  July 5, 2017                    MATERN LAW GROUP, PC


                           BY:
                                  /s/ Dalia Khalili
                                 _____
                                 Dalia Khalili, Esq., Lead Attorney
                                 Attorneys for Defendant
                                 Leah Rothman

MATERN LAW GROUP
1230 ROSECRANS AVE.,
SUITE 200
MANHATTAN BEACH, CA
90266

-29-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that on the 5th day of July, 2017, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

4

5      Charles L Babcock                      Nancy Wells Hamilton

6      Jackson Walker LLP - Houston           Jackson Walker - Houston
       1401 McKinney                          1401 McKinney

7      Suite 1900                             Suite 1900

8      Houston, TX 77010                      Houston, TX 77010
       713-752-4200                           713-752-4222

9      214-953-5822 (fax)                     713-752-4221 (fax)

10     cbabcock@jw.com                        nhamilton@jw.com

11     David Folsom                           George L McWilliams

12     Jackson Walker LLP                     P O Box 58
       6002-B Summerfield Drive               Texarkana, TX 75504

13     Texarkana, TX 75503                    903-277-0098

14     903-255-3251                           glmlawoffice@gmail.com
       903-255-3266 (fax)

15     dfolsom@jw.com

16

17     I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

18

19                                            Signature____/s/ Dalia Khalili_____

20

21                                            Dalia Khalili, Lead Attorney (SBN 253840)
                                              Attorney for Defendant Leah Rothman

22                                            Matern Law Group, PC

23                                            1230 Rosecrans Avenue, Suite 200
                                              Manhattan Beach, CA 90266

24                                            Tel: (310) 531-1900

25                                            Facsimile: (310) 531-1901
                                              Email: dkhalili@maternlawgroup.com

26

27

28

-30-

DEFENDANT LEAH ROTHMAN'S MOTION TO DISMISS ACTION OR ALTERNATIVELY FOR SUMMARY JUDGMENT