**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| PETESKI PRODUCTIONS, INC., | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 5:17-cv-122-JRG |
| | § | |
| LEAH ROTHMAN, | § | |
| *Defendant*. | § | |
| | § | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF**
**JURISDICTION OR IMPROPER VENUE**

Before the Court is Defendant Leah Rothman's ("Defendant" or "Rothman") Motion to

Dismiss for Lack of Jurisdiction under Rule 12(b)(2) or for Improper Venue under Rule 12(b)(3)

(Dkt. No. 10).   Having now considered the Motions under Rule 12(b)(2) and 12(b)(3) and the

Parties' briefing on the same, the Court is of the opinion that the Defendant's Motions to Dismiss

for Lack of Jurisdiction and Improper Venue should be **DENIED** for the reasons discussed below.

### I.      Procedural Posture

During a previous stay requested by Defendant, (Dkt. No. 17), the Court delayed addressing

the above-referenced motion (and also delayed addressing the Defendant's Motion to Transfer

Venue under 28 U.S.C. § 1404(a) (Dkt. No. 10)) while it turned its attention to the Defendant's

asserted defense of fair use.   After ruling on the fair use defense (Dkt. No. 44), the Court lifted

the stay and ordered briefing to be completed.   (Dkt. Nos. 56 and 62.)   Following disposition of

Rothman's fair use defense, (Dkt. No. 44), Rothman made an Offer of Judgment under Rule 68 to

Plaintiff Peteski Productions, Inc. ("Plaintiff" or "Peteski").   This Offer was not accepted by

Peteski.   Following a Telephonic Status Conference with the Parties, the Court issued an Order

(Dkt. No. 56) lifting the previously granted stay (Dkt. No. 26), which had been entered at

Rothman's request (Dkt. No. 17) as to her Motion to Dismiss for Lack of Jurisdiction and

Rothman's Motion to Dismiss for Improper Venue (Dkt. No. 10).   The Court also ordered briefing

by the Parties focusing solely on the issue of whether the Defendant had waived these defenses

and/or consented to the Court's jurisdiction and venue.   The Court addresses each Motion in turn.

## II.       Defendant's Motion to Dismiss for Lack of Jurisdiction

Although the personal jurisdiction requirement is a "fundamental principle of jurisprudence,"

*Wilson v. Seligman*, 144 U.S. 41, 46 (1892), without which a court cannot adjudicate, the

requirement of personal jurisdiction, unlike that of subject-matter jurisdiction, "may be

intentionally waived, or for various reasons a defendant may be estopped from raising the issue."

*Insurance Corp. of Ir., Ltd., et al. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982);

*see also* Fed. R. Civ. P. 12(h).   The defendant's ability to waive the defense arises from the reality

that "the requirement that a court have personal jurisdiction flows not from Art. III, but from the

Due Process Clause . . . . It represents a restriction on the judicial power not as a matter of

sovereignty, but as a matter of individual liberty." *Insurance Corp. of Ir.*, 456 U.S. at 702; *see also*

*Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (quoting same).

When "a party seeks affirmative relief from a court, it normally submits itself to the

jurisdiction of the court with respect to the adjudication of claims arising from the same subject

matter." *Id*. at 460-61. (citing *Bel-Ray Co. v. Chemrite Ltd.*, 181 F.3d 435, 443 (3rd Cir. 1999));

*Adam v. Saenger*, 303 U.S. 59 (1938).   "[A] party may waive any jurisdictional objections if its

conduct does "not reflect a continuing objection to the power of the court to act over the

defendant's person." *Painewebber Inc. v. Chase Manhattan Private Bank (Switz.)*, 260 F.3d

453 461 (5th Cir. 2001) (citing *Alger v. Hayes*, 452 F.2d 841, 844 (8th Cir. 1972)).   Moreover,

the "actions of the defendant may amount to a legal submission to the jurisdiction of the court,

whether voluntary or not."   *Insurance Corp. of Ir.*, 456 U.S. at 704–05.

For example, in *Bel-Ray*, the Third Circuit case which was later relied upon by the Fifth

Circuit in *Painewebber*, the Third Circuit noted the "strong policy to conserve judicial time and

resources," which requires that "preliminary matters such as . . . personal jurisdiction . . . should

be raised and disposed of before the court considers the merits or quasi-merits of a controversy."

*Bel Ray*, 181 F.3d at 443 (quoting *Wyrough & Loser, Inc. v. Pelmor Lab., Inc.*, 376 F.2d 543, 547

(3d Cir. 1967)).   The Third Circuit noted further that:

> While the Individual Appellants timely raised their personal jurisdiction defense in
> their answer as required by the Federal Rules, they did far more than resist an
> application for a preliminary injunction. **They asked the District Court for**
> **affirmative relief before securing a determination on their personal**
> **jurisdiction defenses.** On May 21, 1998, three months after they had entered their
> appearances before the District Court, the Individual Appellants filed motions for
> summary judgment on their counterclaim asking the Court to enjoin Bel-Ray from
> seeking arbitration. **They thereafter proceeded to litigate those motions before**
> **securing a personal jurisdiction determination.** Their affidavits supporting their
> personal jurisdiction defenses were not filed until a little over a month after their
> motion for summary judgment was denied. **Because the record contains nothing**
> **suggesting that it would be unfair to conclude that the Individual Appellants**

**thereby submitted themselves to the District Court's jurisdiction, we so hold.**

*Bel-Ray*, 181 F.3d at 443–44 (emphasis added).   Courts in this circuit have taken a similar view of affirmative non-jurisdictional litigation, holding that similar conduct invokes a court's jurisdiction.   *See, e.g. Int'l Bhd. of Boilermakers, etc. Local Lodge No. 582 v. Delta S. Co., Inc.*, 602 F. Supp. 625, 631 (M.D. La. 1985), *aff'd*, 782 F.2d 1038 (5th Cir. 1986) ("The court finds that the defendant has waived this [personal jurisdiction] defense by filing this motion for summary judgment.") (citing Fed. R. Civ. P. 12(h)(1)).

Here, Rothman presented her fair use defense in both a Rule 12(b)(6) motion *but also and in the alternative* as a defense raised in a motion for summary judgment.   (Dkt. No.10.) Additionally, in her Emergency Motion for Partial Stay (Dkt. No. 17), Rothman moved the Court to consider her fair use defense before all other issues in the case, including those otherwise presented in her Motion to Dismiss, praying the Court "grant this motion and stay all proceedings, save for those related to Rothman's Motion to Dismiss or Alternatively for Summary Judgment *on the fair use defense*." (*Id*. at pp. 4-5 (emphasis added)).   Rothman characterized her Emergency Motion for Partial Stay as "requesting that the Court rule on the fair use defense in the Motion to Dismiss before it considers any other issue or hold any other proceeding in this case." (Dkt. No. 22 at p. 2).

Indeed, the Court noted well before this point that "the Court finds it necessary and proper to convert the portion of the Motion regarding the fair use defense into a motion for summary judgment," since "Defendant, in her Motion, states that she has presented "extrinsic evidence" such as affidavits to support her fair use defense." (Dkt. No. 26 at 2.)   This conversion was *at the Defendant's specific request* as noted by the Court at the time.   (*Id.* ("Defendant suggests that

4

the Court convert her Motion into one for summary judgment if the Court does not consider such extrinsic evidence under Rule 12(b)(6).") (citing Dkt. No. 10 at 9, 25–26.)).

At the hearing on the issue, the Defendant reaffirmed that she was seeking to invoke the Court's jurisdiction to grant her relief on the merits of her fair use defense.   (*See* Dkt. No. 43 at 25 ("THE COURT: All right. And you're asking me to grant your motion for summary judgment and find as a matter of law that your client is entitled to the fair use exception?   MS. KHALILI: Yes, Your Honor.")

Further evidence of consent to jurisdiction may be found through the Defendant's Offer of Judgment under Rule 68 ("Offer").   (Dkt. No. 51 Ex. A.)   In her Offer, the Defendant stated that "Defendant Leah Rothman hereby offers to *allow entry of judgment* pursuant to Rule 68 of the Federal Rules of Civil Procedure."   (*Id.*)   In order for this Court to enter a "final judgment on the merits of a cause of action" with any effect, the Court must be a "court of competent jurisdiction." *C.I.R. v. Sunnen*, 333 U.S. 591, 597 (1948).   Offers made pursuant to Rule 68 are irrevocable during ten days after the offer.   *See, e.g.*, 12 C. Wright & A. Miller, Federal Practice and Procedure: Civil §§ 3004, 3005 at 59-60 (1973); Udall, *May Offers of Judgment Under Rule 68 Be Revoked Before Acceptance?*, 19 F.R.D. 401 (1957); *see also Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402 (8th Cir.1988) (court of appeals assumed, for sake of discussion, that Rule 68 prohibits the revocation of an offer of judgment); *cf. Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1240 (4th Cir. 1989) (only "exceptional factual situations," sufficient to warrant vacation of a judgement, if entered, may permit revocation of an offer).   Thus, once the Offer was made, Rothman conceded that jurisdiction was proper since no further action was required by or available to her to effectuate the acceptance and subsequent entry of judgment her Offer invited.

Accordingly, the Court finds that Rothman has waived her defense of lack of personal jurisdiction and has, in fact, consented to the Court's jurisdiction.   The Court reaches this conclusion based on (a) its examination of Rothman's conduct in prosecuting her fair use defense on the merits, (b) her filing of a motion for summary judgment in the alternative which she moved the Court to address before any other issue, including jurisdiction, in the case, (c) by submitting extrinsic evidence which she asked the Court to consider through any means it required including, if necessary, converting her 12(b)(6) motion into one for summary judgment as a matter of law on her fair use defense, and (d) her subsequent Offer of Judgement under Rule 68.   In sum, the Defendant deliberately engaged in litigation on the merits before the Court, intending to invoke the Court's jurisdiction to settle the issues presented if she was successful.   (*See, e.g*, Dkt. No. 59 at 10 (describing Rothman's proposed order language which invokes this Court's Jurisdiction.)) Similarly, had her Offer of Judgement been accepted, the Court would have entered the judgment offered by the Defendant and accepted by the Plaintiff.   She may not now disavow her consent to this Court's jurisdiction having not received the result she requested, either as to her Motion for Summary Judgement or her Offer of Judgment.

As a result, this Court possesses proper jurisdiction over Rothman.   Accordingly, the Defendant's Motion to Dismiss for Lack of Jurisdiction is **DENIED**.

### III.     Defendant's Motion to Dismiss for Improper Venue

"[T]he locality of a law suit – the place where judicial authority may be exercised – though defined by legislation [or contract] relates to the convenience of litigants and as such is subject to their disposition."  *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939).   A statute or forum selection clause "'accords to the defendant a personal privilege respecting the

venue, or place of suit, which he may assert, or may waive, at his election.'" *Id*. (quoting

*Commercial Ins. Co. v. Stone Co.*, 278 U.S. 177, 179 (1929)). "Being a privilege, it may be lost.

It may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission

through conduct." *Id*.   Accordingly, since personal jurisdiction and venue are both privileges

that may be waived through similar conduct by the privilege holder, this analysis is very similar to

the inquiry into the waiver of personal jurisdiction undertaken above.

As with personal jurisdiction, objection to venue has also been deemed lost by reason of

participation in a motion for injunction *pendente lite*, *Wyrough*, 376 F.2d at 543, or of moving for

summary judgment, *Thompson v. United States*, 312 F.2d 516 (10th Cir. 1962), *cert. denied* 373

U.S. 912 (1963).

For these reasons and similar to the Court's analysis of the issue of personal jurisdiction,

the Court finds that the Defendant deliberately engaged in litigation on the merits before the Court,

purposefully litigating and offering entry of judgement in this venue.   She may not now disavow

her acknowledgement of the propriety of this venue.   Whether or not she obtained the results she

requested is of no import or effect in this regard.

As a result, the Court concludes that the Defendant has waived her improper venue defense.

Accordingly, the Defendant's Motion to Dismiss for Improper Venue is **DENIED**.

## IV.   <u>Conclusion</u>

Accordingly, for the reasons set forth above, the Court **DENIES** Defendant Rothman's Motion

to Motion to Dismiss for Lack of Jurisdiction under Rule 12(b)(2) or for Improper Venue under

Rule 12(b)(3) (Dkt. No. 10).

**So ORDERED and SIGNED this 25th day of October, 2017.**

RODNEY   GILSTRAP
UNITED STATES DISTRICT JUDGE