UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| PETESKI PRODUCTIONS, INC. | § | |
| | § | CASE NO. 5:17-cv-122-JRG |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| LEAH ROTHMAN and JOHN or JANE DOE, | § | JURY DEMANDED |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S MOTION IN LIMINE

Pursuant to the Court's July 27, 2017, Docket Control Order (Dkt. 30), Plaintiff Peteski Productions, Inc. ("Plaintiff" or "Peteski") files this Motion in Limine and in support thereof would respectfully show the Court as follows:.

### I.   INTRODUCTION

1. Peteski filed this action for copyright infringement (which Plaintiff admits to committing), violation of the Texas Theft Liability Act, misappropriation of confidential information, and violation of the Texas Computer Crimes Law based on Defendant's misconduct while she was an employee of the Dr. Phil show ("DPS"), which Peteski produces. Jury selection is set for March 19, 2018 (Dkt. 30).

2. Peteski hereby moves the Court in advance of voir dire, jury selection, and trial of this cause to instruct Defendant, her witnesses, and her counsel not to mention, refer to, allude to, or attempt to convey to the jury in any manner whatsoever, either directly or indirectly, any of the matters set out below without first obtaining permission and consent of the Court outside the presence and hear of the jury or prospective jurors. Peteski further requests that the Court direct

Defendant's counsel to instruct each of her witnesses to refrain from mentioning or referencing, directly or indirectly, in any manner whatsoever the manners contained in this Motion.

3.  In support of this Motion, Peteski contends that the matters set out herein, "if improperly introduced into the trial of the case would be so prejudicial that the Court could not alleviate the prejudice with appropriate instruction(s)." (Dkt. 30).

## II.    SPECIFIC MATTERS

**MOTION IN LIMINE 1.    Any evidence that Rothman did not commit copyright infringement.**

4.  Peteski moves the Court to exclude any evidence that Defendant did not infringe on Peteski's copyright. Indeed, Defendant has admitted to infringing on Peteski's copyright. (*See* Dkt. 84 at 2).[1] Despite this admission and the Court's ruling that Defendant's infringement was not fair use (*see* Dkt. 44), Defendant's Answer to Peteski's Original Complaint (Dkt. 76), the predecessor to the current live pleading, inexplicably asserted multiple affirmative defenses to liability for the admitted infringement after that infringement and the Court's ruling regarding the same. (Dkt. 76 at ¶¶ 44–79). Accordingly, the Court should exclude any reference, testimony, assertions, or documents referring or relating to Defendant having not done so because they would be irrelevant, and if they were deemed relevant, it would be so prejudicial to the actual claims in this case that the Court could not alleviate the prejudice with appropriate instructions.

**MOTION IN LIMINE 2.    Any references to Defendant's offer of judgment.**

5.  Peteski moves the Court to exclude any reference, testimony, assertions, or documents referring or relating to Defendant's offer of judgment that Plaintiff did not accept in light of the other videos Defendant was withholding in discovery. Defendant made an offer of

---

[1] References to docket page numbers are to numbers added by the Court's system to the top of the page.

judgment on September 12, 2017. (Dkt. 51-1). But because certain material discovery was outstanding (Dkt. 51), Peteski was not able to accept in the time required by Federal Rule of Civil Procedure 68. "Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Fed. R. Civ. P. 68. Even if the offer of judgment was deemed admissible, it is not relevant to Plaintiff's claims of copyright infringement and theft of Plaintiff's property. If it were somehow deemed relevant, evidence regarding Defendant's offer of judgment would be so prejudicial to the actual claims in this case that the Court could not alleviate the prejudice with appropriate instructions.

**MOTION IN LIMINE 3.**   **No reference to settlement negotiations.**

6. Peteski moves the Court to exclude any reference, testimony, assertions, or documents referring or relating to any settlement negotiations between the parties. Any evidence, statement, argument, suggestion or other reference about settlement negotiations or agreements would be so prejudicial to the actual claims in this case that the Court could not alleviate the prejudice with appropriate instructions. *See* Fed. R. Evid. 408.

**MOTION IN LIMINE 4.**   **No reference to mediation.**

7. Peteski moves the Court to exclude any reference, testimony, assertions, or documents referring or relating to mediation or proposed mediation between the parties. Any evidence, statement, argument, suggestion, or other reference about mediation or proposed mediation would be so prejudicial to the actual claims in this case that the Court could not alleviate the prejudice with appropriate instructions. *See* Fed. R. Evid. 408.

**MOTION IN LIMINE 5.**   **No reference to the comparable wealth of the parties.**

8. Peteski moves the Court to exclude any reference, testimony, assertions, or documents referring or relating to a comparison of the wealth of the parties to this lawsuit. The

introduction of any such evidence of the comparative wealth of the parties would be irrelevant in this copyright infringement lawsuit. Any evidence, statement, argument, suggestion, or other reference about the comparable wealth of the parties would be so prejudicial to the actual claims in this case that the Court could not alleviate the prejudice with appropriate instructions.

**MOTION IN LIMINE 6.**     **Any evidence regarding the alleged working conditions at the DPS.**

9.     Peteski moves the Court to exclude any reference, testimony, assertions, or documents referring or relating to Defendant's characterization of the alleged working conditions at the DPS, including without limitation that it was allegedly a hostile work environment. Rothman's state court action focused on unfounded allegations of Dr. McGraw's workplace demeanor. However, testimony, evidence, documents, arguments, or references to Dr. McGraw allegedly yelling, using profanities, making employees cry, using scare tactics, intimidation, cursing, and threatening anyone are inadmissible because they are not relevant to Plaintiff's claims of copyright infringement and theft of Plaintiff's property. And even if it were deemed relevant, it would be so prejudicial to the actual claims in this case that the Court could not alleviate the prejudice with appropriate instructions.

**MOTION IN LIMINE 7.**     **Any evidence regarding Rothman's alleged physical manifestations of the alleged working conditions at the DPS.**

10.     Peteski moves the Court to exclude any reference, testimony, assertions, or documents referring or relating to Defendant's characterization of the alleged physical manifestations of the alleged working conditions at the DPS, including without limitation, Defendant's claims that working at the DPS caused her hair to fall out in 2005, ten years before she made the recordings that are the subject of this suit. Such evidence is wholly irrelevant to the copyright infringement and theft claims at issue here. Even if such evidence were deemed relevant,

it would be so prejudicial to the actual claims in this case that the Court could not alleviate the prejudice with appropriate instructions.

**MOTION IN LIMINE 8.** **Any evidence regarding the alleged mistreatment of guests at the DPS.**

11. Peteski moves the Court to exclude any reference, testimony, assertions, or documents referring or relating to Defendant's characterization of the alleged treatment or experiences of guests on the DPS. Rothman's state court action focused on unfounded allegations of Dr. McGraw's mistreatment of guests at the DPS. Indeed, Rothman's counsel has recently participated in a media campaign to promote these allegations. *See* David Armstrong, *Dr. Phil says he rescues people from addiction. Others say his show puts guests' health at risk*, Stat, Dec. 28, 2017, available at https://www.statnews.com/2017/12/28/dr-phil-addiction/ (citing an interview with Rothman's attorney). However, any evidence of any alleged mistreatment of DPS guests are wholly irrelevant to the copyright infringement and theft claims at issue here. And even if it were deemed relevant, it would be so prejudicial to the actual claims in this case that the Court could not alleviate the prejudice with appropriate instructions.

                                 Respectfully submitted,

By:   */s/ Charles L. Babcock*
       Charles L. "Chip" Babcock, Lead Attorney
       Texas State Bar No. 01479500
       Nancy W. Hamilton
       Texas State Bar No. 11587925
       Carl C. Butzer
       Texas State Bar No. 03545900
       JACKSON WALKER L.L.P.
       2323 Ross Ave.
       Dallas, Texas 75201
       (214) 953-6000
       (214) 953-5822 - Fax
       Email: cbabcock@jw.com
       Email: nhamilton@jw.com
       Email: cbutzer@jw.com

       David Folsom
       Texas State Bar No. 07210800
       JACKSON WALKER L.L.P.
       6002 Summerfield, Suite B
       Texarkana, TX 75503
       (903) 255-3250 - Telephone
       (214) 661-6886 – Facsimile
       Email: dfolsom@jw.com

       George L. McWilliams
       Texas State Bar No. 13877000
       LAW OFFICE OF GEORGE L. MCWILLIAMS, P.C.
       Post Office Box 58
       Texarkana, Texas-Arkansas 75504
       (870) 772-2055 - Telephone
       (870) 772-0513 – Facsimile
       Email: glmlawoffice@gmail.com

       **ATTORNEYS FOR PLAINTIFF**
       **PETESKI PRODUCTIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February 2018, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system which will generate an electronic notice of filing to the parties registered to the Court's CM/ECF system.

                                          */s/ Charles L. Babcock*
                                          Charles L. "Chip" Babcock

19780352