UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **PETESKI PRODUCTIONS, INC.** § <br> § <br> *Plaintiff,* § <br> § <br> vs. § <br> § <br> **LEAH ROTHMAN and JOHN or JANE** § <br> **DOE,** § <br> § <br> *Defendants*. § | **CASE NO. 5:17-cv-122-JRG** <br><br><br> **JURY DEMANDED** |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiff Peteski Productions, Inc. ("Peteski") and Defendant Leah Rothman ("Rothman") stipulated to the following Consent Judgement and Permanent Injunction. Good Cause appearing therefrom, the Court finds that it should be **GRANTED**.

**WHEREAS**, this Consent Judgment and Permanent Injunction concerns the claims asserted by Peteski against Rothman in this Civil Action No. 5:17-cv-122-JRG (referred to herein as the "Litigation"), alleging copyright infringement, as well as "State Law Claims," namely, the claims for violation of the Texas Theft Liability Act, misappropriation of confidential information, and violation of the Texas Computer Crimes Law; and

**WHEREAS**, Peteski and Rothman request this Consent Judgment and Permanent Injunction be entered in the above-captioned case; and

**WHEREAS**, Peteski owns United States Copyright Reg. No. Pau003829623 at the U.S. Copyright Office for a video (the "Work"); and

**WHEREAS**, Peteski has alleged that Rothman has in her possession a video that is a copy of the copyrighted Work, and further alleges that she admits to taking said video from Peteski for use in aid of related litigation ("Video"); and

**WHEREAS**, Peteski has alleged that Rothman misappropriated and infringed on Peteski's copyrights in two additional videos ("Additional Videos") that Rothman produced in this Litigation; and

**WHEREAS**, in the Litigation, Peteski alleged that Rothman infringed Peteski's copyrights in the Work and the Additional Videos under the copyright laws of the United States (the "Copyright Claims") and alleged the State Law Claims based on Rothman's alleged conduct relating to the Work and the Additional Videos; and

**WHEREAS**, this Court granted partial summary judgment on Peteski's copyright infringement claim pertaining to the Video (Doc. 44 at 19–20); and

**WHEREAS**, in the Litigation, Peteski alleged it would be irreparably harmed if Rothman is not enjoined from infringing Peteski's copyrights; and

**WHEREAS**, in the Litigation, Peteski requested that this Court enter a permanent injunction enjoining Rothman from infringing Peteski's copyrights; and

**WHEREAS**, while the two sides disagree regarding their legal rights and remedies, Peteski and Rothman nonetheless have reached an agreement to finally settle each and every claim in the Litigation as set forth in this Consent Judgment and Permanent Injunction and a separate Settlement Agreement which is contemporaneously and separately being executed (the "Settlement Agreement"); and

**WHEREAS**, Peteski and Rothman each acknowledge this Court has subject matter jurisdiction and, further, consent to personal jurisdiction in the Eastern District of Texas in this proceeding and for purposes of enforcing the Settlement Agreement in the future.

**IT IS HEREBY ORDERED as follows:**

1. This Court has jurisdiction over Peteski, Rothman, and the subject matter of this Litigation.

2. Peteski has ownership and standing to sue for infringement of the copyrights made the basis of the Copyright Claims, and Peteski has standing to bring the State Law Claims.

3. The Court granted partial summary judgment on Peteski's copyright infringement claim pertaining to the Video (Doc. 44 at 19–20).

4. Rothman, her agents, servants, employees, associates, attorneys and other persons who are in active concert or participation therewith are hereby permanently enjoined as of the date hereof from infringing Peteski's copyrights by the possession, reproduction, use, offer to sell, sale, display, performance, or distribution of the Video or Additional Videos or any colorable variations thereof that also infringe Peteski's copyrights.

5. Each party shall bear its own costs and attorneys' fees.

6. This Court shall retain jurisdiction over Peteski and Rothman for the purpose of enforcing the terms of this Consent Judgment and Permanent Injunction and over any matters related to or arising from the interpretation or enforcement of the Settlement Agreement.

7. The Clerk is **DIRECTED TO CLOSE** this case.

**So ORDERED and SIGNED this 27th day of February, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE